Edward P. MORGAN

v.

**DURO PAPER BAG MANUFACTURING COMPANY.**

No. IP 57-C-179.

United States District Court
S. D. Indiana,
Indianapolis Division.

Nov. 25, 1957.

Kunz & Kunz, Indianapolis, Ind., for plaintiff.

Bredell, Cooper & Martin, Indianapolis, Ind., and Jerome Goldman, Cincinnati, Ohio, for defendant.

STECKLER, Chief Judge.

This cause came before the court upon the motion of the plaintiff to strike all the allegations contained in the third defense of defendant's answer. The reasons prompting such a motion, as stated by the plaintiff, are:

"1. Such allegations are an insufficient defense to the cause of action for personal injury to plaintiff and are wholly immaterial and impertinent to this cause of action.

"2. The allegations of this Third Defense have been inserted merely to influence the jury and will tend to prejudice plaintiff before the jury.

"3. That the plaintiff has complied with the applicable statute of the State of Indiana and has duly notified his employer of the filing of this action and has filed with this court an affidavit of notice to employer.

"4. That defendant is an improper party to raise the allegations contained in this Third Defense as the applicable statute of the State of Indiana has been held to be a protection provided for the employer and not for a negligent third party and that defendant has no concern with any payments between the plaintiff and his employer so long as defendant is safe from double liability."

■ It is a well accepted proposition that motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Thus it is said that "matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." 2 Moore's Federal Practice ¶ 12.21 [2]. Likewise, it is said "a motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." 2 Moore's Federal Practice ¶ 12.21 [3]. Moreover, it is stated that "a motion to strike a defense or defenses for insufficiency, if granted, should be granted with leave to amend." Ibid.

Due to the overlapping of the criteria which govern the disposition of motions to strike under Rule 12(f) Federal Rules of Civil Procedure, 28 U.S.C., it is apparent that the issue most crucial to an adequate disposition of the motion to strike in this case relates to the matter of the sufficiency of defendant's third defense. If that defense is clearly insufficient as a matter of law, then the motion to strike should be sustained, with leave granted the defendant to amend his answer.

■ The complaint of the plaintiff is drafted in five rhetorical paragraphs. Jurisdiction of the court is grounded upon diversity of citizenship, and it is alleged that the amount in controversy exceeds $3,000, exclusive of costs. The claim stated is for personal injuries alleged to have been suffered as a proximate result of a collision between a truck operated by plaintiff and another truck operated by an agent of the defendant acting in the scope and course of his employment. It is alleged that the negligence of the defendant's agent was the proximate cause of the accident and injuries complained of. The court having searched the complaint, 2 Moore's Federal Practice ¶ 12.21 [3], concludes that it adequately states a claim.

The answer of the defendant interposes three defenses. As only the third defense is material to the matter at hand, the court's attention is confined solely to that defense. In substance, the third defense charges that plaintiff was permitted by law to recover Workmen's Compensation for the injuries sustained in the alleged accident; that plaintiff presented a claim for Workmen's Compensation and as a result, has received $2,253.43 from his employer by way of compensation and that the employer has paid medical and hospital bills in the amount of $2,630. Finally, it is charged that plaintiff has presented no proof of notification to his employer of the filing of this cause of action.

■ It is well settled that under the Workmen's Compensation Act in effect

at the time of this accident, proof of payment by an employer of compensation is no bar to the employee's maintaining an action for damages against the third party tortfeasor. Ind.Stat.Ann. § 40–1213 (Burns' Supp.1957). The language of the statute is clear on this point and neither party to this action has contended otherwise in their briefs. Rather, the real bone of contention is over the third rhetorical paragraph of defendant's third defense. That paragraph reads, "3. Pursuant to the applicable statute of the State of Indiana, he [plaintiff] has presented no proof of notification to his employer of the filing of this cause of action." Since rhetorical paragraphs 1 and 2 of this defense relate only to the payment of Workmen's Compensation by the employer, the sufficiency of the defense hinges upon the noted charge of rhetorical paragraph 3. The statutory language to which that charge relates reads: "In such actions brought as hereinabove provided by the employee or his dependents, he or they shall forthwith notify the employer by personal service or registered mail of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action." Ind.Stat. Ann. § 40–1213 (Burns' Supp. 1957). In substance, that portion of the statute preceding the quoted sentence provides that in all cases wherein compensation is payable but where some party other than the employer is also subject to liability, the injured employee, or his dependents in case of death, may commence legal proceedings against such other party notwithstanding the payment of compensation by the employer or his liability to pay under the act. It is further provided that the employer shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party to the extent of any compensation paid by the employer.

The language of the statute makes it quite clear that an employee who is suing a third party tortfeasor has a duty to notify his employer of such fact and to file proof of such notice in the action. Thus, the ultimate question with regard to the motion to strike in the instant case is whether a breach of this duty may be invoked as a defense by a third party tortfeasor in an action in which he is defendant.

A survey of the legislative history of § 40–1213 indicates that the provision regarding notice to the employer was inserted by the 1951 Amendment to the act. This amendment is notable also for having terminated the election of remedies provision of the old act, and providing in its stead for suit by the employee against the third party tortfeasor regardless of the receipt of compensation from the employer, with the resultant lien of the employer outlined above. It follows therefore that the two provisions inserted by the 1951 Amendment were complementary. From this observation, the inference arises that the notice provision was inserted to protect the employer; to enable him to be apprised of the pending action so that he may timely assert his lien on any judgment resulting therefrom.

Neither counsel for the plaintiff nor counsel for the defendant has cited any cases wherein the Indiana courts have interpreted § 40–1213, as amended in 1951 and 1955, with reference to the particular issue herein encountered. However, plaintiff has cited the case of New York Central R. Co. v. Milhiser, 1952, 231 Ind. 180, 106 N.E.2d 453, 108 N.E.2d 57, in support of his contention that the notice provision of § 40–1213 was intended only for the protection of the employer and that defendant was therefore incompetent to assert lack of notice as a defense. In the Milhiser case, the question before the court was whether the acceptance of Workmen's Compensation under the law of a state other than Indiana constitutes a settlement of damages sustained by a tort committed in Indiana by a person other than the employer. The court quoted the first paragraph of § 40–1213 as amended in 1951, and then

held that the receipt of compensation under the law of a foreign state was no bar to the employee's action against the third party. The court then went on to state, "§ 40–1213 supra of the statute is a protection provided for the employer and not for a negligent third party. Such third party is legally liable for the full amount of damages caused by his negligence. He has no concern with any payments between the employer and employee so long as he is safe from double liability." 106 N.E.2d at page 457. Admittedly, the question decided in the Milhiser case was decidedly different from the precise issue herein confronted. However, the sweeping nature of the last quoted passage from that decision makes room for a strong inference that the Indiana courts would uphold plaintiff's contention that the defendant third party tortfeasor was not a competent party to raise § 40–1213 as a bar, either in whole or in part, to plaintiff's cause of action. The court does not find it necessary to resolve this question, however, as one other factor exists which permits a shorter, more concise disposition of this case.

■ The statutory duty, as imposed by § 40–1213 is that the employee "forthwith notify the employer by personal service or registered mail" of the bringing of the action and the name of the court in which brought, "filing proof thereof in such action." It would thus seem that if plaintiff *files proof of service* of notice upon the employer at a time sufficiently early to enable the employer to protect his rights with regard to his lien, then the duty imposed by the statute has been fulfilled. Normally, proof of service is shown by an affidavit of the serving party, 2 Moore's Federal Practice ¶ 5.09; Rule 6(d), Rules of U. S. District Court for Southern District of Indiana; Ind.Stat.Anno. § 2–1637 (Burns 1946). A search of the record shows that on August 30, 1957, plaintiff filed an affidavit to the effect that he had personally served notice on his employer at the time of filing this action. This court concludes that plaintiff has adequately met the duty of notice imposed by § 40–1213.

The case of McNaughton v. New York Central Railroad Company, 7 Cir., 1955, 220 F.2d 835, is distinguishable from the instant case. In that case, the accident from which the action arose had occurred on April 16, 1950, over a year prior to the effective date of the 1951 amendment to § 40–1213. Consequently, the election of remedies doctrine so clearly enunciated in the pre-1951 law governed the action. Under that doctrine, proof of an election to accept payment of Workmen's Compensation benefits constituted a complete bar to an employee's maintaining an action against the tortfeasor. As noted above, this doctrine was repealed by the 1951 and 1955 amendments to the Indiana Workmen's Compensation Act.

In the McNaughton case, the Court of Appeals reversed on the grounds that the trial court had erred in denying defendant's motion to amend its answer by adding a third defense thereto. In substance, the tendered third defense would have invoked the election of remedies doctrine noted above—that is, it alleged that the plaintiff had received substantial benefits under the Workmen's Compensation Act in force at the time the cause of action arose. The Court of Appeals noted that apparently the trial court had relied on plaintiff's verified objections in denying the motion to amend. These objections, presented by way of affidavits, tended to show that no claim had been presented to the Industrial Board of Indiana for compensation. The Court held that regardless of whether Indiana procedural practice permitted a decision of insufficiency of the defense on affidavits, the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dictated the allowance of the tendered third defense. In this respect, the court said, "However unlikely it may have seemed that defendant could sustain its defense, it, nevertheless, was entitled

to an opportunity to prove it." 220 F.2d at page 840.

The material distinctions of fact existing between the McNaughton case and the instant case are several. In the first place, in McNaughton, the defendant was attempting to assert a well settled defense; one stemming from a statute which clearly stated that an injured employee may recover under the Workmen's Compensation Act or in an action against the tortfeasor, *but not both.* Insofar as the policy of that statute was to prevent multiplicity of actions, the tortfeasor defendant would have seemed fully competent to assert the receipt of compensation payments as a defense.

In the instant case, the statutory language relied upon as a defense is not nearly as strong. Unlike the McNaughton case, the statute involved herein does not contain words to the effect that a failure to give notice to the employer will constitute a complete bar to an action against the tortfeasor. Moreover, since the statute involved in this case is apparently not concerned with the former policy of limiting multiplicity of actions, the notice provision would not seem to furnish a complete bar to this action, nor would the defendant tortfeasor seem a competent party to raise it as such, if the language of the Milhiser case, noted above, is to have any credence whatever.

■ Rhetorical paragraphs 1 and 2 of defendant's third defense, as noted above, do not state a defense to this action due to the operation of § 40–1213 as amended in 1951 and 1955. The fact that the record shows that plaintiff has fulfilled the duty of notifying his employer which the statute in question imposes, plus the fact that the defendant has failed to show his competence to assert the notice issue as a defense, leads the court to conclude that the Motion to Strike Defendant's Third Defense should be and the same is hereby sustained.

It is so ordered.