**William D. LEWIS and Pattie Lewis, his wife, Plaintiffs,**

**v.**

**James CREW, Interstate United Corp., Food Crafts, Inc. and Interstate Venda-way, Inc., Defendants.**

Superior Court of Delaware.

New Castle.

Dec. 13, 1967.

James A. Walsh, Wilmington, for plaintiffs.

Alfred M. Isaacs, Wilmington, for defendants.

## OPINION

O'HORA, Judge.

Plaintiff, William D. Lewis, has instituted what is commonly referred to as a third party action for injuries received in the course of his employment.*

Under the prevailing Workmen's Compensation law of most jurisdictions an employee, injured during the course of employment, is entitled to receive compensation, under the appropriate provisions of that law, from the employer's insurance carrier. Additionally, if the injuries received were caused by the negligence of a party other than a fellow employee or the employee's immediate employer, the injured employee is entitled to seek recovery from that "third party" as well, in the regular manner in which claims for damages are asserted in a court of law. It is this type of relief plaintiff here seeks.

Defendants have moved to dismiss plaintiff's action because plaintiff, admittedly, did not give timely and formal notice of his intention to bring this action, as provided for in 19 Del.C. § 2363(a).

19 Del.C. § 2363(a) provides, as follows:

"Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. *Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the Industrial Accident Board, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.*" (Emphasis added)

Defendants rely considerably upon the language found in Legler v. Douglas, 26 Ill.App.2d 365, 167 N.E.2d 813 (1960) to support the proposition that the giving of notice is mandatory, and that without it plaintiff's action must fail. There are certain similarities found in the Illinois and

---

* The claim of plaintiff, Pattie Lewis, wife of William D. Lewis, being entirely derivative from her husband's claim, will not be separately considered herein.

Delaware statute, particularly in the use of the word "shall" in connection with the employee's obligation to give notice. The *Legler* court unquestionably concluded that the use of that word demonstrated a legislative intent that the giving of notice should be mandatory. The difficulty with a ready application of the *Legler* conclusion to the plaintiff's situation here is that the circumstances in *Legler* were so conducive to the interpretation given to the language of the statute.

In *Legler* plaintiff, after receiving workmen's compensation for injuries, did not give timely notice to his employer of his intention to sue for damages at common law. A settlement was reached before trial in the suit he did file and the employer and its carrier petitioned to intervene. Intervention would thus permit them to assert their claim to share in disposition of the settlement proceeds, and thereby would reimburse them for compensation payments made to plaintiff through the Workmen's Compensation Act provisions. The lower court denied employer and carrier the right to intervene because they had not made a timely application to intervene in the case, as was also provided for by the statute.

On appeal, however, this ruling was reversed. The appellate court took due notice of the fact that such statutes are generally designed to protect a non-negligent employer who has been required to pay compensation as a consequence of a third party's negligence. The court then concluded, in the language relied upon here by defendants, that the employee, not having given timely notice of the suit to the employer, could not then foreclose intervention by that employer. The result reached by the court was to prevent the possibility of an unjust benefit going to the employee who, attempting to rely upon absence of timely intervenor-notice, was himself guilty of not complying with the more important notice-to-employer provisions of the statute.

Viewed in the setting described the court's conclusion that the word "shall" carried a mandatory intention is easily understood. The extent of its application, under different circumstances, as here, poses a problem somewhat similar but far from identical.

A case more in point, as to the factual background of plaintiff's situation, is found in Driscoll v. California Street Cable R. Co., 80 Cal.App. 208, 250 P. 1062 (1927). In the *Driscoll* case, under a statute much like that of Delaware, the court succinctly defined the purpose of such a statute and the objects of its protective provisions. The specific comment of that court, bearing most directly upon the problem here presented, is worthy of repeating and reads, as follows:

> "The provisions of * * * the act in question show two things: One, that the Workmen's Compensation Act was not to be construed as a limitation upon the right of an employee to commence an action against a third person; and, second, that the provision just referred to is a matter for the protection of the employee and employer which those two persons alone are entitled to invoke. Neither of those persons has made complaint. This defendant is not entitled to do so."

Cases reaching similar conclusions under somewhat different factual and/or statutory settings may be seen in Hartquest v. Tamiami Trail Tours, 139 Fla. 328, 190 So. 533 (1939) and Van Zandt v. Sweet, 56 Cal.App. 164, 204 P. 860 (1922). A strong dictum to the same effect may be found in Morgan v. Duro Paper Bag Manufacturing Company, 22 F.R.D. 508 (S.D. Ind.1957).

This Court is persuaded that strict application of the statutory language here involved is neither required nor justified. The obvious intent of the critical provisions of the statute is to ensure that the persons mentioned therein receive due notice of an action in which any of them might well

have a substantial interest. The provision adds nothing to any desirable protection which should flow to a prospective third party defendant. The third party here is given ample protection when served with notice of the suit itself. Nothing more than this would be warranted. The conclusion urged by defendants would result in a thwarting of plaintiff's effort to seek the full relief offered under the law. This can only be done by virtue of a narrow and restrictive application of that law for the benefit of one whose protection was not intended thereby.

For the reasons herein set forth, the Court concludes that defendants' motion to dismiss should be denied.

It is so ordered.