(No. 21837.—

THE KENNEDY-VANSAUN MANUFACTURING AND ENGINEERING CORPORATION *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HAZEL L. OLVEY, Defendant in Error.)

*Opinion filed February 23, 1934—Rehearing denied April 4, 1934.*

O'Brien & Hanrahan, (Matthew J. O'Brien, of counsel,) for plaintiffs in error.

Ratner, Chapman & Ratner, Meade Vestal, and Ralph H. Walz, (David J. Ratner, of counsel,) for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

Hazel L. Olvey filed an application with the Industrial Commission charging that John Fred Olvey, her husband, suffered an accidental injury while employed by the Kennedy-Van Saun Company of Illinois; that the injury resulted in her husband's death and that he left the applicant, his widow, and three minor children dependent upon him for support. The prayer of the application was for the adjustment of compensation for the injury. By an amended application the Kennedy-Van Saun Manufacturing and Engineering Corporation of New York was added as a respondent, and its appearance was entered. The arbitrator's award, made against both respondents, required the payment of compensation to the applicant for the support of herself and her three minor children; the award was sustained by the commission and the decision of that body was confirmed by the superior court of Cook county. Upon the petition of the two companies this writ of error was granted.

John Fred Olvey resided near Noblesville, Indiana, with his wife and four children, three of whom are under sixteen years of age. The Kennedy-Van Saun Manufacturing and

Engineering Corporation of New York, a corporation of that State, is engaged in selling and installing crushing, pulverizing, conveying and other machinery manufactured by other persons and corporations. On August 23, 1927, Olvey entered into a contract of employment with the manufacturing and engineering corporation. By the provisions of this contract, Olvey was required to serve the corporation "in the line of engineering, erecting, selling and doing such other work as directed from time to time;" for his services he was to receive $3000 a year and his traveling expenses; New York City was designated as his headquarters, and the contract was to continue for five years and longer if satisfactory to both parties, subject, however, to termination upon thirty days' notice by either party.

On November 1, 1928, the Kennedy-Van Saun Manufacturing and Engineering Corporation of New York caused the Kennedy-Van Saun Company of Illinois to be organized and to act as the former's sales agent in the Middle West. The Illinois company installed or supervised the installation of the machinery it sold. Olvey was transferred to the new company and was assigned to territory in and adjacent to the State of Illinois. Pursuant to a conversation with an officer of that company in Chicago, he entered upon the discharge of his duties. The collections made by the Illinois company were remitted to the New York corporation and the former's bills, including salaries, were paid out of money sent by the senior corporation to the junior company at Chicago. Olvey's contract with the New York corporation was never formally canceled. Immediately before his death, he sold and supervised the installation of machinery in Indiana. After his death, on May 9, 1931, in a letter addressed to one Meade Vestal of Noblesville, Indiana, T. J. Shearer, the manager of the Illinois corporation, said: "Mr. Olvey entered into the employ of this company at the time the company was first organized in October, 1928. He was under no formal contract of

employment. He had been formerly employed by the Kennedy-Van Saun Manufacturing and Engineering Corporation, and at the time this company took over the business in this territory, by mutual agreement, he entered into the employ of this company, from which he received his instructions and payment, and to which he made his reports."

Shortly before Christmas, in the year 1930, Olvey obtained Shearer's permission to absent himself on December 26 and 27 from the work in which he was engaged at Michigan City, Indiana. Olvey informed Shearer, however, that during this period he would make calls in his employer's behalf on the Baker Gravel Company at Noblesville and on customers at Peru, Logansport and Indianapolis, all in Indiana. He remained at home Christmas day; departed in his automobile the next forenoon about 11:30 o'clock, stopped at Noblesville for repairs to his car and left at 2:30 o'clock in the afternoon. He proceeded north on Indiana State highway No. 31 and between 5:00 and 5:30 o'clock, when he reached a point about four miles south of Peru, he turned his automobile across the road to the left, the car struck an embankment and turned over and Olvey was killed.

The Kennedy-Van Saun Manufacturing and Engineering Corporation caused Olvey and other employees to be insured and the premiums were paid by the employer. A former treasurer of the corporation testified that when the plan was inaugurated, the employees were informed that the insurance was provided to take the place of compensation which the employer might be obliged to pay by the provisions of any workmen's compensation act or damages to which the employer might be subjected by reason of any common law liability. The amounts of the policies were equal to the maximum compensation allowed under the majority of workmen's compensation acts then effective. When informed of the corporation's action, Olvey expressed his gratitude. The policy of insurance was con-

tinued in force after Olvey was transferred to the Illinois company and the premiums were paid by the New York corporation as before, but they were charged to the account of the company organized in Illinois. Shortly after the policy was issued Olvey, in writing, directed that, in the event of his death, the insurance should be paid to his widow. The insurance company paid Mrs. Olvey, the applicant in this proceeding, after her husband's death, $5000, the amount of the policy.

It is contended by the plaintiffs in error that the Industrial Commission of this State did not have jurisdiction of either corporation, because the contract of hire was between a New York corporation and a resident of Indiana; that no evidence was introduced to show that the decedent met his death while in the course of his employment, and that, in any event, the payment to the widow of the proceeds of the accident insurance policy kept in force by the employer, exceeded the amount of, and necessarily discharged the employer's liability for, compensation.

Section 5 of the Workmen's Compensation act as amended (Cahill's Stat. 1931, p. 1405; Smith's Stat. 1931, p. 1434), provides among other things, that the term "employee" as used in the act, shall be construed to mean "Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State" * * *. An accidental injury sustained by a non-resident, in the State of his domicile, while employed by an Illinois corporation under a contract entered into in this State is within the provisions of the Workmen's Compensation act. (*Beall Bros. Supply Co.* v. *Industrial Com.* 341 Ill. 193; *Johnston* v. *Industrial Com.* 352 id. 74.) The original contract of employment was made between the Kennedy-Van Saun Manufacturing and Engineering Corporation, organized under the laws of the State of New York, and

Olvey, who was a resident of Indiana. Upon the organization of the Illinois corporation in 1928, a portion of the business and certain of the employees of the senior company, were transferred to the junior corporation. Olvey had a conversation with an officer of the Illinois corporation at Chicago respecting his duties under the latter's employment and thereafter he performed for that company the duties prescribed by the contract he had made with the parent company. The letter to Meade Vestal shows that Olvey's employment by the New York corporation was succeeded by a like relationship with the corporation organized in Illinois. At the time of his death he was an employee of the latter company and the Industrial Commission of this State had jurisdiction of the application for the adjustment of compensation filed against the Kennedy-Van Saun Company of Illinois.

The burden of proving that Olvey was employed by the Kennedy-Van Saun Manufacturing and Engineering Corporation rested upon the defendant in error. The evidence shows affirmatively that Olvey's original contract of employment with that corporation was superseded by his subsequent transfer to and employment by the Illinois corporation. The two companies were separate and distinct legal entities. When Olvey became an employee of the Kennedy-Van Saun Company of Illinois he ceased to be an employee of the Kennedy-Van Saun Manufacturing and Engineering Corporation. The latter was a foreign corporation; the original contract of employment had been made in another State, and that contract was terminated by Olvey's subsequent employment by the domestic corporation. Under these circumstances, the New York corporation was neither bound by the provisions of the Workmen's Compensation act of this State, nor subject to the jurisdiction of the Industrial Commission created by that act.

The contention that Olvey's death was not shown to have occurred in the course of his employment by the Ken-

nedy-Van Saun Company of Illinois, cannot be sustained. In the letter addressed to Shearer, the manager of the Illinois company, Olvey stated that during his absence from the work at Michigan City on December 26 and 27, he would "check up on as many calls as possible," particularly the Peru, Logansport, Indianapolis and Baker Gravel Company projects and that he would be back at work in Michigan City on Monday, the 29th day of December. Olvey not only served his employer as an engineer, but also as a salesman of machinery. The plaintiff in error had business in Peru and the accident which resulted in Olvey's death occurred late in the afternoon as he approached that city. Apparently he intended at the time to make one of the calls specified in his letter to Shearer. The evidence is sufficient to sustain the finding that the decedent met his death in the course of his employment by the Kennedy-Van Saun Company of Illinois. *Irwin-Neisler & Co.* v. *Industrial Com.* 346 Ill. 89; *Porter Co.* v. *Industrial Com.* 301 id. 76.

The final contention that the payment of $5000 to Olvey's widow, the applicant, upon the policy of insurance provided by the employer and accepted by the employee, discharged the former's liability for compensation likewise is untenable. By section 3 of the Compensation act, its provisions apply automatically and without election to all employers and their employees engaged in any department of the business, among others, of construction or electrical work, except where performed by farmers or done on a farm. Section 26 (*a*) provides that any employer included in the act by section 3 shall: (1) File with the commission a sworn statement showing his financial ability to pay the compensation prescribed, or (2) furnish security, indemnity or a bond guaranteeing the payment by the employer of such compensation, or (3) insure his entire liability to pay such compensation in some insurance carrier authorized, licensed or permitted to do such insurance business in this State, it being required that all the policies

cover all the employees and the entire liability of the insured, or (4) make some other provision, satisfactory to the Industrial Commission, for securing the payment of such compensation, and (5) upon becoming subject to the act, and thereafter as often as the commission may in writing demand, file with the commission in the form prescribed by it, evidence of his compliance with the provisions of the section. Sub-section (*b*) of section 26 provides that the sworn statement of financial ability, or the security, indemnity or bond, or the amount of insurance, or other provision, filed, furnished, carried or made by the employer, as the case may be, shall be subject to the approval of the commission.

The plaintiff in error, the Kennedy-Van Saun Company of Illinois, the employer, did not file with the commission a sworn statement showing its financial ability to pay the compensation prescribed; it did not furnish the requisite security, indemnity or a bond of guaranty; it did not insure its entire liability to pay compensation under the act; the company which issued the individual policy in favor of Olvey, the employee, does not appear to have been qualified to do a compensation insurance business in this State; the insurance which the employer provided was not approved by the commission, and the plaintiff in error did not make any other provision, satisfactory to the Industrial Commission, to secure the payment of compensation under the act. In this situation, the satisfaction of the existing policy, by payment to Olvey's widow, did not discharge the employer's liability for the compensation claimed.

The superior court of Cook county erred in confirming the award against the Kennedy-Van Saun Manufacturing and Engineering Corporation of New York. The judgment is therefore reversed and the cause is remanded to the superior court with directions to set aside the award to the extent that it binds or affects that company and to confirm the award in all other respects.

*Reversed and remanded, with directions.*