(No. 24172.—)

THE CITY OF EVANSTON, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(BRUCE ATKINSON, Defend-
ant in Error.)

*Opinion filed October 15, 1937.*

RALPH SHANESY, for plaintiff in error.

DONALD F. GUILLIAMS, (J. S. COOK, of counsel,) for
defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Bruce Atkinson was assigned to work for the city of
Evanston by the Illinois Emergency Relief Commission
under an agreement between the city and the commission

by which the latter was to furnish first aid and medical expenses and to place any injured employee on direct relief during the period of disability. On April 19, 1935, while thus employed, Atkinson was struck by the tongue of a garbage trailer. In some manner the trailer became disconnected from the tractor, and, in jumping off the runaway trailer, he suffered injuries to his leg and back. The Industrial Commission confirmed the award of the arbitrator allowing him $8.64 per week for 406 weeks and an annual pension of $287.54 during life, on account of permanent total disability, and, in addition thereto, the sum of $1000 for necessary first aid, medical, surgical and hospital services. This award was confirmed by the superior court of Cook county, and the cause is here by writ of error.

It was stipulated at the hearing before the arbitrator that the city of Evanston and Atkinson were both operating under and subject to the provisions of the Workmen's Compensation act; that on the day of the alleged injury the relationship of employer and employee existed between the parties; that notice was given and demand for compensation made as required by the act; that all necessary medical, surgical and hospital treatment had been furnished by plaintiff in error; that defendant in error's earnings for the year next preceding the date of his alleged injury were $898.56, or an average weekly wage of $17.28; and that at the time of the alleged injury he was forty years old and had no minor children.

The first and principal issue is whether the city of Evanston is entitled to credit for cash payments made to Atkinson by the Illinois Emergency Relief Commission during the period of his disability. The contract between the city of Evanston and the Illinois Emergency Relief Commission provided that the "commission will place injured workmen on normal relief during the period of disability." The effect of this agreement was not to cancel or release the obligation of the city of Evanston from its

statutory liability toward its employees under the Workmen's Compensation act. A similar question was presented to and decided by this court in *Forest Preserve District* v. *Industrial Com.* 357 Ill. 389, where the injured employee had likewise been assigned by the Illinois Emergency Relief Commission for work relief under the supervision of the Forest Preserve District of Cook county. We there held that the relationship of employer and employee existed between the Forest Preserve District and the employee and that the district, which directed and controlled the work of the employee, was liable under the Workmen's Compensation act in case of his injury. No statute or decision is known to us, and none has been cited, which would allow the city of Evanston to relieve itself of this liability for compensation, or any part thereof, by reason of contributions for relief made direct to the employee by some other organization. While, in fixing the amount of compensation, regard is to be had to any payments which the workman may recover from the employer during the period of incapacity, there can be no deduction for payments from other sources. (71 Corpus Juris, p. 867, and cases cited.) The relationship of employer and employee was stipulated, and, where employers are bound to pay compensation under the act, no power exists to contract away their statutory obligations. *Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112.

We believe the record sufficiently shows that Atkinson received injuries on April 19, 1935, which warranted the finding that he is totally and permanently disabled. While some medical testimony was to the effect that he might have had an injury to his back some years before, there is also medical corroboration for the testimony of Atkinson that he had never previously suffered any back injury or had arthritis. The evidence is conclusive that he was severely injured and went to the Evanston Hospital shortly afterward for treatment. His back was first taped and then

later was put into a cast. He was examined at different times by different physicians and specialists and on November 7, 1935, an operation was performed on his back. Following this operation he was again placed in a cast and it was difficult for him to walk without crutches. Considering the case as a whole, we are not prepared to say that Atkinson failed to establish his case by a preponderance of the evidence, and thus substitute our judgment for the respective decisions of the arbitrator, the Industrial Commission and superior court.

What we have said above concerns the award of compensation and the annual pension on account of permanent total disability and is, of course, subject to modification under section 8 (f) of the Workmen's Compensation act, if, at some later time, Atkinson returns to work or is able to do so. On one remaining point, we are unable to agree with the award allowing $1000 for surgical fee. Dr. Hobart, the surgeon who performed the operation on Atkinson's back in the clinic at Evanston Hospital testified: "Mr. Guilliams asked me to make out a bill. I said in case the man had money he should pay me a bill. My usual fee for such an operation would be $1000." It was on this scant testimony that an award for $1000 for medical expenses was entered by the Industrial Commission, contrary to the express terms of the stipulation between the parties "that all the necessary medical, surgical and hospital treatment has been furnished by the respondent." By the terms of this stipulation, the Industrial Commission was without authority to make any order or award for hospital, surgical or medical expenses.

The order of the superior court is correct in all respects except as to the allowance of $1000 for necessary medical, surgical and hospital services, and as to this latter item the order is erroneous, and the cause is remanded to the superior court, with directions to enter a proper order.

*Reversed in part and remanded, with directions.*