Carl R. Sjoberg, Plaintiff Below-Appellee, v. Joseph T. Ryerson & Son, Inc., and Allegheny-Ludlum Steel Corporation, Defendants Below-Appellees, Carrier Corporation, for Use of Liberty Mutual Insurance Company, Intervening Petitioner Below and Appellant.

Gen. No. 46,741.

First District, Third Division.

January 11, 1956.

Released for publication February 29, 1956.

B. S. Quigley, and Arrington and Healy, all of Chicago, for appellant; W. Russell Arrington, Virgil C. Lutrell, and John G. Poust, all of Chicago, of counsel.

Norman Peters, and John G. Phillips, both of Chicago, for appellee.

JUDGE FEINBERG delivered the opinion of the court.

Plaintiff brought this action for personal injuries against defendants. He had previously filed his claim under the Workmen's Compensation Act for the same injuries, and was allowed compensation for permanent and total disability plus a pension for life, which at the time of the institution of this suit was being paid to plaintiff by his employer, the Carrier Corporation, petitioner herein. The employer, having notice of this suit, presented his petition for leave to intervene for the use of its insurance carrier, the Liberty Mutual Insurance Company, who carried the insurance for the employer covering the accident in question.

The petition, among other things, alleged that the injuries to plaintiff, its employee, were caused solely by the negligence of defendants; that the petitioner and its employees were at all times in the exercise of all due care and diligence for the personal safety of plaintiff; and prayed that any award, judgment or fund in favor of plaintiff be impressed with a lien in favor of petitioner, as permitted by the Workmen's Compensation Act, and asked leave to intervene as a party. The court, upon such petition, entered the following order:

415

"It is Ordered that the plaintiff and the defendants by their respective attorneys hereafter give notice to said Carrier Corporation, for use of Liberty Mutual Insurance Company, of any judgment which may be entered in this cause in favor of plaintiff so that said Carrier Corporation, for the use of Liberty Mutual Insurance Company, may move for such order or orders to which it may be entitled in this cause for the protection of any lien which said Carrier Corporation, for use of Liberty Mutual Insurance Company, may show itself to be entitled on any judgment which may be entered in favor of the plaintiff in the above entitled cause. Leave to Carrier Corporation to intervene is denied."

It is from this order petitioner appeals.

Section 138.5 of the Workmen's Compensation Act (Ill. Rev. Stat., Ch. 48 [Jones Ill. Stats. Ann. 143.68]), as amended in 1953, gives the employer a lien for such sum as it is required to pay to the employee under the Workmen's Compensation Act, upon any award, judgment or fund, out of which the employee might be compensated in any suit or action brought by the employee against a third party solely responsible for the accident and injury. The section further provides:

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the em-

ployers, such consent shall not be required where said employer has been fully indemnified or protected by Court order."

It will thus be seen that the statute expressly provides that the employer may, at any time after such third party action is brought by the employee, join in said action upon his motion, so that all orders of court, after hearing and judgment, shall be made for his protection.

Even without express statutory provision for joining in an action, it was held in Smith v. Louisville & N. R. Co., 381 Ill. 55, 57, and Standidge v. Chicago Rys. Co., 254 Ill. 524, that an attorney has a right to file a petition for his lien under Ch. 13, § 14, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 9.13], in the original action brought by the client, though the statute granting the attorney a lien contains no provision for intervention or the right of the attorney to join in the action to enforce his lien.

It was agreed between the parties, upon oral argument, that the real point of contention between them is, to what extent should the intervening petitioner be permitted to participate in the conduct and trial of the law suit? Plaintiff's position before us is that he is not opposed to the petitioner being allowed to be made a party to the action by intervention, for the protection of its lien, provided it is not permitted to participate in the conduct or trial of the suit. Plaintiff seeks to avoid any conflict which could exist between him and the employer, as to the proper course and conduct of the trial.

We think there is merit in plaintiff's position. Conceivably, there could be such conflict which might seriously jeopardize a recovery in the action. The primary object of the statute is to afford the employer the protection of his lien for the amount the employer is obligated to pay the employee under the Workmen's Compensation Act and no more. He would have no

interest in any recovery beyond that amount, whereas the employee's objective is more substantial, since he would be seeking to recover full damages for his injury, which could be much more than that allowed by the Workmen's Compensation Act. No lien of the employer could attach to the amount in excess of that paid or to be paid by the employer. No case has been cited to us which defines the right of the employer to participate in the trial of the suit. It may well be that no one has seriously considered that an employer has a right to participate in the trial of the suit, and therefore the question seems never to have been raised or decided. Our search has not revealed any decision upon that particular question.

We believe the proper and just rule to apply in this type of situation is to allow the employer to join the action by intervention for the purpose allowed by the statute, and provide in the order that such intervention shall not extend to the intervening petitioner the right to participate in the conduct or trial of the suit, without the consent of plaintiff.

The court was in error in denying leave to the petitioner to intervene. The order is reversed and the cause is remanded with directions to strike out from the order appealed from "Leave to Carrier Corporation to intervene is denied," and to add to said order the following: Leave is granted to Carrier Corporation to intervene, and such intervention shall not permit the intervening petitioner to participate in the conduct or trial of the suit unless consented to by plaintiff.

Reversed and remanded with directions.

LEWE, P. J. and KILEY, J., concur.