**Crane Co., Appellee, v. Edward Loome, Appellant.**

**Gen. No. 47,792.**

First District, First Division.
March 21, 1960.
Released for publication April 11, 1960.

Charles Wolff, of Chicago (Sidney Z. Karasik, of counsel) for defendant-appellant.

Defrees, Fiske, O'Brien, Thomson, and Simmons, of Chicago (Thomas J. Johnson, Jr., and Edward J. Griffin, of counsel) for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from a decree of the Circuit Court of Cook County entered in a case brought by Crane Co. (hereafter referred to as plaintiff) against Edward Loome (hereafter referred to as defendant). The action was brought in equity by the plaintiff against the defendant, and, after issue was joined by the filing of a complaint, answer and reply, the court held a hearing and rendered a decree granting a judgment, declaratory in form, allowing the plaintiff to deduct a sum paid under its pension plan from the accrued amount found due the defendant under an award of compensation entered by the Industrial Commission.

The defendant was an employee of the plaintiff. Both plaintiff and defendant were operating under and subject to the provisions of the Workmen's Compensation Act [Ill. Rev. Stats 1955, c 48, § 138.1, et seq.]. The plaintiff had then in effect, and had maintained for many years before, a pension plan, the provisions of which were set forth in a printed pamphlet. Under its provisions an employee with 15 years' service and who had attained the age of 65 years was entitled to a pension. The defendant on November 4, 1955, was 66 years old and had had 37 years' service with the plaintiff, and hence was eligible to retire under the pension plan. On November 4, 1955, he signified his desire to take advantage of the plan, to be effective September 1, 1956. On December 7, 1955, while employed, he suffered a fall, and about January 26th was examined by the company doctor, who told the defendant that he should return to work. The

63

defendant said he was not able so to do. The company doctor then told him that he should go to work or take his pension. The defendant requested that his pension under the plan become effective immediately. The plaintiff pensioned the defendant effective February 1, 1956.

The defendant on February 3, 1956, filed an application with the Industrial Commission for the adjustment of his claim against the plaintiff for the injuries received by him on December 7, 1955. The plaintiff denied liability. Hearings were held before an arbitrator and on July 15, 1957, the arbitrator rendered his award, which became the award and decision of the Industrial Commission. In that award the arbitrator found that the defendant had sustained injuries arising out of and in the course of his employment which rendered him wholly and permanently incapable of working, and awarded him compensation therefor to be paid in certain prescribed installments for a period of 273 weeks and thereafter an annual compensation of $740 for the rest of his life. The arbitrator in his decision made the award retroactive from December 7, 1955, to July 9, 1957, and, after deducting $204 representing the payments of temporary total disability for the period between December 7, 1955, and January 30, 1956, found that there was then accrued $2,584, together with $175 which had been expended by the defendant for medical services, making a total of $2,759.

The plaintiff from February 1, 1956, through June 30, 1957, had made payments to the defendant under its pension plan in the total amount of $1,122. On September 4, 1957, the plaintiff tendered to defendant the amount then due under the decision of the Industrial Commission less the amount of $1,122 already paid by it to the defendant under the pension plan. The defendant refused to accept the payment tendered,

and filed a petition under section 19(k) of the Workmen's Compensation Act, [Ill Rev Stats 1955, c 48, § 138.19, subd. k], praying that the Industrial Commission penalize plaintiff in an amount equal to 50 per cent of the amount payable at the time of the award because of its unreasonable or vexatious delay of payment or its intentional underpayment of compensation due the defendant. The plaintiff thereupon filed its bill in equity in the Circuit Court alleging the above stated facts and praying that the court enjoin defendant from taking any further steps before the Industrial Commission to prosecute the said petition, and that the court adjudicate and determine the right of plaintiff to deduct its pension payments of $1,122 from the amount due the defendant under the award of the Industrial Commission.

The defendant filed an answer to the complaint, which answer was replied to by the plaintiff, and a hearing was had in the Circuit Court. At the close of the hearing the trial judge entered a decree, which recited that the court had rendered a written opinion, a copy of which was attached to the decree as an exhibit and by reference incorporated therein. In the decree the court did not mention the injunction but found that the plaintiff had a right "under the terms of its Pension Plan to deduct an amount sufficient to reimburse itself for any sums paid to the defendant, Edward Loome, during the pendency of the Industrial Commission proceedings . . . and that the sum of $1,122.00 was properly deducted from the amount of the award made by the said Industrial Commission in said proceedings on July 23, 1957." From that decree the defendant takes this appeal.

In its opinion which was incorporated with and made a part of the decree the court found, among other things, that the pension plan of the plaintiff is a plan in which the obligation of the plaintiff to make

65

retirement compensation payments to the employees upon their resignation can be enforced. The only question before this court for determination is whether or not the plaintiff could properly deduct the amount paid defendant under its pension plan from the award rendered by the Industrial Commission.

The pension plan of plaintiff is supported solely by its own contributions. In its brief the plaintiff admits that the plan is binding upon both it and the defendant. In its decree the court found that the plaintiff is bound by the pension plan, that under its provisions the defendant is entitled to receive a pension after 15 years of service when he has reached the age of 65 (pension plan, sec. I, par. 9; sec. II, par. 1; sec. IV), and that the defendant's rights thereto can be enforced by appropriate action.

Section III of the pension plan contains the following provision:

"2. There shall be deducted from the amount of pension payable to a Pensioner for any period in accordance with this Section the total of:

". . .

"(d) Any amount paid to or on behalf of the Pensioner, or that would upon application became payable to him, on account of injury or occupational disease causing disability which is permanent in nature for which an Employing Company is liable, whether pursuant to workmen's compensation or occupational disease laws, or arising from the statutory or common law (except fixed statutory payments for the loss of any bodily member) and any disability payment in the nature of a pension under any present or future federal or state law (or any amendment thereof) . . . ."

██ In its brief the plaintiff concedes that the payments which under the plan were made to the defendant were not made on account of his accident and

66

hence could not be considered and allowed as a deduction by the Industrial Commission under the Workmen's Compensation Act. Such payments did not fall under the rule that where the employer pays wages or other money to the employee with knowledge of the injury and without denial of liability for compensation under the Workmen's Compensation Act, such payment may be interpreted as a payment of compensation under the Act and must be considered by the Industrial Commission in making its award (37 I. L. P., Workmen's Compensation, sec. 261; Olney Seed Co., v. Industrial Commission, 403 Ill. 587).

The plaintiff argues that it was the intent of the parties that an employee should not receive both pension payments and compensation payments for the same period of time and that hence, while the subject matter is not specifically provided for in the Workmen's Compensation Act nor could it be considered by the Industrial Commission, nevertheless a court of equity could properly deduct the amount paid under the pension plan from the compensation award. The plaintiff in its brief concedes that the payments were made under the terms of a private contract and were labeled pension payments. The plaintiff's contention on this theory is not tenable. In 100 C. J. S., Workmen's Compensation, sec. 391, it is stated: ". . . the payment of benefits from a source or fund not intended to be in lieu of compensation under a workmen's compensation act does not waive the right to such compensation." Cited in support thereof is Kennedy-VanSaun Mfg. & Engineering Corp. v. Industrial Commission, 355 Ill. 519. In that case an employee was killed under circumstances which brought him within the purview of the Workmen's Compensation Act. An application for adjustment of compensation was filed with the Industrial Commission by his wife. The employer had caused the deceased employee, together with its other

employees, to be insured. The insurance premiums were paid by the employer, and there was testimony that the employees were told by the company representative that the insurance was provided to take the place of compensation which the employer might be obliged to pay under the Workmen's Compensation Act. The widow of the deceased was the beneficiary of the policy and was paid $5,000, the amount of the policy. The employer contended that by the payment of $5,000 to the deceased's widow, the applicant before the Industrial Commission, the employer was discharged from any claim that she might have had for compensation. The court held that since the employer did not obtain the approval of the Industrial Commission to the arrangement the employer was not discharged from its duty to pay compensation.

In advancing this theory in the instant case plaintiff relies on section 7(e) of the Workmen's Compensation Act, which provides that compensation payments other than necessary medical, surgical or hospital fees shall be deducted in ascertaining the amount payable. That section is a directive to the Industrial Commission in determining its award. Since the plaintiff concedes that this matter could not be raised or considered before the Industrial Commission, section 7(e) is inapplicable; and, if we would accept the plaintiff's contention, it would permit the courts, by indirection, to do something which the Act does not permit the Industrial Commission to do in the first instance. The plaintiff for this novel contention cites no authority directly in point. All the cases which it cites are cases where the Commission under statutory rules found that the payments made were compensation payments.

The plaintiff then argues that at the time when it commenced making pension payments to the defendant the parties had agreed that the plaintiff would have the right to set off the pension paid against

money subsequently awarded the defendant as compensation by the Industrial Commission. In our view of the case it is not necessary to determine whether such an agreement was made. Under the pension plan, when the defendant qualified he had a right to a pension which he could enforce. As we have said, the only question for us to determine is whether such payments could be deducted from the award made by the Industrial Commission. If we assume that there was in existence such a valid agreement, the result would be that the plaintiff had assigned to the employer a portion of a prospective compensation award. Such an assignment is specifically prohibited by section 21 of the Act. The only other interpretation of such an agreement would be that it created the relation of creditor and debtor between the plaintiff and the defendant, and the plaintiff as such creditor would occupy a position no more, nor less, favorable than any other creditor in attempting to collect his debt from the award of the Industrial Commission. Under the Act he would again be barred by section 21, which provides: "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages. . . ."

The pension plan provides that the amount paid to or on behalf of the pensioner on account of a permanent injury under the Workmen's Compensation Act may be deducted from the amount of pension payable to the pensioner, and it further provides that if the total of such amounts exceeds the monthly amount of pension granted under the plan the excess may be applied against the next succeeding payment or payments until the total shall have been fully deducted. These provisions contemplate future deduction from a pension of amounts paid to the employee under an Industrial Commission award.

In this case the plaintiff voluntarily, after knowledge of the injury and while denying liability therefor, made the pension payments. There is no provision in the pension plan that such payments could have been deducted from a subsequent award of compensation. Nor do we believe that such a provision could be sustained since any contract on the part of the employee by which he attempts to waive or limit the compensation which he might receive under the Act is illegal unless it is an agreement entered into with the approval of the Industrial Commission.

The express purpose of the Workmen's Compensation Act is that the compensation awarded to an employee must be held intact, and employees, their personal representatives or beneficiaries are expressly prohibited from waiving any of the provisions of the Act with respect to the amount of compensation payable thereunder except after approval by the Industrial Commission. 37 I. L. P., Workmen's Compensation, sec. 281. The plaintiff could not properly deduct the amount which it paid to the defendant under the provisions of its pension plan from the compensation subsequently awarded to the defendant under the Act.

The judgment of the Circuit Court is reversed.

Reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.