Arnold Lies Company, for the Use of Zurich Insurance Company, Petitioner-Appellant, v. William Legler, Richard H. Douglas, and Fox Valley Transit Mix, Inc., Respondent-Appellees.

Gen. No. 11,203.

Second District, First Division.

June 9, 1960.

Rathje and Woodward, of Wheaton, for appellant.

Sears, Streit, and Tyler, and O'Brien, Burnell, and Puckett, all of Aurora, for appellee.

SPIVEY, P. J.

The plaintiff, William Legler, sustained personal injuries while he was in the course of his employment for the Arnold Lies Company, hereinafter styled "Lies." On June 8, 1956, he was injured when a truck, operated by the defendant, Richard H. Douglas, an employee of the defendant, Fox Valley Transit Mix, Inc., hereinafter referred to as "Fox Valley," rolled against him while he was working in construction.

Legler availed himself of the benefits of the Workmen's Compensation Act of Illinois in June of 1956, and on May 21, 1957, entered into a settlement with the approval of the Industrial Commission of Illinois for the total amount of $7,320.44, representing temporary total disability $1,054.; permanent disability $4,533.34; and medical expenses $1,733.10, which was paid to Legler on May 23, 1957.

On June 28, 1956, Zurich Insurance Company, hereinafter referred to as "Zurich," petitioner-appellant, notified Fox Valley and Legler by letter that Zurich

was the compensation carrier for Lies and that they claimed a lien for all payments made to Legler by virtue of Section 5 of the Workmen's Compensation Act. A copy of this letter was mailed to Legler.

Iowa National Mutual Insurance Company, Fox Valley's carrier, acknowledged receipt of Zurich's letter to Fox Valley on June 11, 1956.

On June 11, 1957, Zurich notified Legler's attorneys of the compensation settlement of May 21, 1957, and stated they had asserted a lien on June 28, 1956, by letter to Fox Valley which was in turn acknowledged by their carrier, Iowa National Mutual Insurance Company. Request was further made that such lien in the amount of $7,320.44 be protected in any settlement.

Legler commenced a common law action in the Circuit Court of Kane County on August 22, 1956, against Douglas and Fox Valley as authorized by Section 5 (b) of the Workmen's Compensation Act, Chap. 48, Sect. 138.5 (b), Ill. Rev. Stat. 1955. The complaint was amended and defendants answered on March 21, 1957. This statute provided in part as follows:

> "Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount

received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order."

On January 9, 1958, more than sixteen months after the institution of the suit, plaintiff gave the statutory notice of the filing of the common law suit to his em-

ployer, Lies. Then, on February 3, 1958, the attorneys for Douglas and Fox Valley gave notice that on the 7th day of February, 1958, at 10:00 a. m., or as soon thereafter as counsel might be heard, a motion mailed under date of January 30, 1958, and erroneously set for hearing on February 3, 1958, would be presented for immediate hearing.

This motion filed on February 7, 1958, the date of the hearing, in substance, moved the court for authority to deposit with the Clerk of the Court the sum of $13,250 to be held by the Clerk pending a hearing before the court to determine the respective rights of Legler, Zurich, and Lies in and to said sum. Movant prayed that Douglas and Fox Valley, upon depositing the fund, be adjudged to be discharged of any liability to Legler, Zurich, and Lies. The motion advised the court that the case was "settled for a total consideration of $13,250.00" and that prior to such settlement Zurich on behalf of Lies, Legler's employer, had paid Legler $7,320.44 under the Workmen's Compensation Act and that a controversy has arisen between Legler, Zurich, and Lies in and to $7,320.44 of the fund to be deposited.

On February 5, 1958, Legler gave notice to Lies, Zurich, and the attorneys for Douglas and Fox Valley that on February 7, 1958, at the opening of court, or as soon thereafter as counsel may be heard, he would ask leave to file a petition, and secure an immediate order directing the clerk to pay the $13,250 to him. Proof of service was made that the notice and a copy of the petition were mailed to the parties before 6:00 p. m. on February 5, 1958, at Aurora, Illinois.

The verified petition recited that $13,250 had been or would be deposited with the Clerk, which sum had been agreed upon in settlement of the common law case; that the statutory notice required by Sect. 5 had

been given; that neither Lies nor Zurich had petitioned to intervene; that the facts in the instant case precluded recovery by Lies and/or Zurich in any part of the amount of $5,587.34; and that neither Lies nor Zurich had any right to claim their interest in any portion of the settlement which was paid in reimbursement for medical and hospital expenses. The petition also contained a statement of Legler's theory of the accident and concluded that Lies' foreman was guilty of negligent acts which proximately caused the plaintiff's injuries. The petition was verified by the plaintiff, Legler.

On February 7, 1958, the court entered an order allowing the motion of Fox Valley and Douglas authorizing them to deposit the $13,250 with the Clerk to be held by the Clerk "until a hearing is had by this Court to determine the respective rights of William Legler, Zurich Insurance Company and Arnold Lies Company in and to said fund." The order concluded that upon the deposit of that amount Fox Valley and Douglas be and they are hereby relieved, released, and discharged of any liability to Legler, Zurich, and Lies for any claims they have or might have in the future arising out of the incident which is the subject matter of this litigation or arising out of or by reason of any payment of benefits under the Workmen's Compensation Act.

On the same day, February 7, 1958, a hearing was had upon Legler's petition asking that the Clerk be directed to pay him the sum of $13,250. On that same date an order was entered which allowed the prayer of the petition in toto. The record does not disclose any evidence being taken on the occasion of the hearing on this petition, so we must assume that the order was entered on the verified petition of Legler alone. The order was filed with the Clerk on February 10, 1958.

The order recited inter alia that Lies and Zurich had been served with notice of Legler's petition with notice of the place and time of hearing and failed to appear. It further found the facts surrounding the occurrence to be in the identical language as alleged in the petition. The order found that neither Lies nor Zurich had any right, claim, or interest to any "portion of the judgment entered in the above cause" and ordered and decreed that Legler is entitled to receive the sum of $13,250, for which sum "judgment was heretofore entered by this court in his favor and against the defendants." The order further provided that the sum of $13,250 be paid by the Clerk to Legler as soon as the said sum has been deposited by the defendants herein "in satisfaction of the judgment entered in the above-entitled cause in favor of the plaintiff and against the defendants."

We make note at this point that the order, quoted verbatim in part, recited that a judgment had been heretofore entered and counsel for both sides refer to a judgment entered, sometimes designating it as a "consent judgment." We have examined the abstract of record and have searched the record and in neither is there contained any judgment in favor of the plaintiff and against the defendants. We are, therefore, compelled to rely upon the record as presented and assume that there was no judgment entered in this suit.

Lies and Zurich filed a petition on March 7, 1958, praying that the court enter an order vacating and setting aside the order entered on the motion of Douglas and Fox Valley insofar as said order provided that the "defendants are released from all claims of Zurich and Lies."

On the same date, March 7, 1958, Lies and Zurich also filed a verified petition for leave to intervene to claim a lien on the settlement fund and to vacate the

372

order of February 7, 1958 (mistakenly referred to as the order of February 10, 1958) entered upon the petition of Legler to order the payment to him of the $13,250 in the hands of the Clerk.

The later petition in addition to detailing the various steps leading up to the petition, including their assertion of a lien by the letters of June 28, 1956, to Legler and Fox Valley, and their letter of June 11, 1957, to Legler's attorney advising them of their lien and asking that they be protected in the event of a settlement, alleged lack of adequate notice of the hearings on February 7, 1958. The petition alleges that the notice of Legler's petition was not received through the mails by Zurich until the afternoon of February 7, 1958, and was not received by Lies until the forenoon of the same date. The petition was supported by various affidavits and exhibits.

The petition prayed that the order of February 10, 1958 (February 7, 1958) be declared void because (1) they were deprived of property without due process of law for the reason that reasonable notice of the hearings on February 7, 1958, were not given and as a result they were denied an opportunity to appear and be heard; (2) no evidence or proof was heard to support the findings of the order, and (3) the court in its order allowing the deposit of the funds did not fully indemnify or protect the petitioner.

Counter motions of the respective parties were made to strike the petitions of Lies and Zurich.

Petitioners filed an amendment to their petition to vacate the order of February 10, 1958 (February 7, 1958) and for leave to intervene and attach thereto a transcript of the proceedings at the Coroner's Inquest of one Curts, deceased, who was killed in the same accident. A second amendment was filed to the petition which set forth Rule 11, entitled "Notices" of the Circuit Court of Kane County, which provided,

"In all applications for alimony and injunction, or setting aside judgments by confession with leave to plead, and in all motions the party applying for the same, or making such motions, shall serve the opposite party, or his attorney, with at least three days' notice in writing of such application or motion, together with a copy of all affidavits to be used in support thereof." The transcript of the Coroner's Inquest contained occurrence testimony of Andrew Frank, a foreman for Lies, and Richard Harding Douglas, the defendant.

Upon a hearing the Circuit Court denied both petitions to vacate the orders of February 7, 1958 (one erroneously designated as February 10, 1958) and denied leave to intervene.

The respondents to the petitions of Lies and Zurich filed no counter-affidavits, nor did they traverse in any way the statements contained in the various affidavits, transcript of evidence and exhibits filed in support of the petitions.

Section 5 of the Workmen's Compensation Act and its predecessor companion section have long been a troublesome section. The courts have universally held that they were designed to afford protection to a nonnegligent employer who has been required to pay compensation to his employee as the result of a third party's negligence. Sjoberg v. Joseph T. Ryerson & Son, Inc., 8 Ill.App.2d 414, 132 N.E.2d 56, and Dillon v. Nathan, 10 Ill.App.2d 289, 135 N.E.2d 136, I.L.P. Workmen's Compensation, Sect. 493.

The procedure in the instant case strikes us as being wholly inconsistent with the object and purpose of Section 5. Section 5 (b) requires the employee or his personal representative to forthwith notify his employer by personal service or registered mail of the fact of the existence of such common law action against a negligent third party. We have found no

374

case which passes specifically upon the duty of the employee to give notice forthwith. Angerstein states that while apparently the provision for giving notice is mandatory, it is seldom used as a matter of practice in this field.

■ The plain language of the statute demonstrates the intention of the legislature that the notice shall be given forthwith. By the use of the word "shall" we conclude that the giving of notice forthwith is mandatory. We believe that the legislature has clearly expressed its intention and that such a construction is consistent with the objects and purposes of the statute.

Section 5 (b) further provides upon receipt of the notice of pendency of the common law action that the employer may at any time thereafter join in said action upon his motion "so that all orders of court after *hearing and judgment* shall be made for his protection." (Emphasis supplied.)

■ It has been repeatedly held that the intervening nonnegligent employer is not permitted to participate in the trial of the common law action of his injured employee against the negligent third party defendant. Sjoberg v. Joseph T. Ryerson & Son, Inc. The employer's right of intervention is limited to his right to protect his lien in all orders of court after hearing and judgment. It would seem only logical, and we so hold, that the employer may intervene at any stage up to the satisfaction of the judgment.

We find such an interpretation to be wholly consistent with Section 26.1 of the Civil Practice Act, Chap. 110, Sect. 26.1 Ill. Rev. Stat. 1957, requiring that application for intervention be timely.

■ We find no statute or rule of court that prescribes the exact time for an employer to intervene after notice has been given him. As we have pointed out, we find that no judgment was entered in the in-

stant case. Therefore, the right to intervene was available to Lies and Zurich on March 7, 1958, when their petitions to vacate the orders of February 7, 1958, and for leave to intervene were filed.

Section 5 (b) further provides "No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order."

█ Rule 11 referring to "Notices" of the Circuit Court of Kane County is entitled to the same binding force upon parties as well as upon the court as are statutes. North Ave. Building & Loan Association v. Huber, 286 Ill. 375, 121 N. E. 721.

█ The employer, having not elected to intervene at that time, was notified by Douglas and Fox Valley on February 3, 1958, that they would present their motion to deposit an amount agreed upon in settlement of Legler's common law action against Douglas. The order of February 7, 1958 granting authority to deposit the settlement fund with the Court recognized the lien claim by Lies and Zurich and ordered the fund held until a hearing could be had upon the respective rights of Legler, Zurich, and Lies. This order we find to have fully protected Lies and Zurich as contemplated by Sect. 5 (b) and should be affirmed.

At this point Lies and Zurich were entitled to a full and fair hearing upon their lien claim with the right to show that they or their other employees were in no way guilty of negligence which proximately contributed to the injury of Legler.

█ Legler's notice of February 5, 1958, of their motion asking that the Clerk be ordered to pay the settlement sum was inadequate and fell short of the

minimum three-day notice required by Rule 11 of the Circuit Court of Kane County and deprived Lies and Zurich of their right to enforce their lien.

■ We are passing only upon the facts as presented by this case and what we have said about the notice required by Rule 11 should not be construed to mean that a three-day notice would in all cases be sufficient. Reason and justice require a reasonable notice depending upon the facts in each instance.

■ The order of February 7, 1958 (erroneously referred to as the order of February 10, 1958) directing the Clerk to pay the settlement funds to Legler is erroneous. The application by Lies and Zurich to set aside the order of February 7, 1958 (February 10, 1958) pursuant to Section 50(6) of the Civil Practice Act, Chap. 110, Section 50(6), Ill. Rev. Stat. 1957, should have been allowed by the trial court to correct its erroneous order of February 7, 1958 (February 10, 1958), it having been filed within thirty days of the entry of the order.

The cause is remanded to the Circuit Court of Kane County with instructions to vacate the order of February 7, 1958 (February 10, 1958) directing the clerk to pay the funds to Legler and to grant the petition of Lies and Zurich to intervene in this cause and to determine the rights of Legler, Lies, and Zurich to the funds deposited by Douglas and Fox Valley in settlement of the instant case.

Affirmed in part, reversed in part, and remanded with instructions.

McNEAL and DOVE, JJ., concur.