**Robert N. McCormick, Petitioner-Appellee, v. McDougal-Hartmann Co., Respondent-Appellant.**

Gen. No. 68–58.

Third District.

August 1, 1969.

Rehearing denied September 9, 1969.

ALLOY, J., dissenting.

Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Moehle, Moehle, Reardon and Sincock, of Washington, for appellee.

STOUDER, P. J.

Plaintiff-Appellee, Robert McCormick, commenced this action in the Circuit Court of Tazewell County seeking

to enforce an award of the Illinois Industrial Commission entered against his former employer, McDougal-Hartmann Company, Defendant-Appellant. The court entered judgment against defendant and this appeal follows. This is not an appeal from an award of the Illinois Industrial Commission but is an appeal from a judgment entered in proceedings instituted to implement an award of the Commission.

The facts are substantially undisputed. In 1959, plaintiff, hereinafter referred to as employee, while employed by defendant, hereinafter referred to as employer, sustained an injury while working on a road project, which resulted in his total and permanent disability. Employer admitted that such injuries were compensable under the Workmen's Compensation Act and paid the benefits therein provided until 1965. Sometime prior to 1965, employee filed a claim with the Court of Claims on the basis that his injuries were the result of the negligence of the State of Illinois. Employer was aware that such a claim had been filed and according to its statement of facts, sent a letter both to the employee and to the State of Illinois indicating its interest. The effect of such letter is not an issue in this case. In due course the Court of Claims made an award in favor of employee in the amount of $25,000, and the amount was thereafter paid to employee. The employee declined to pay such amount or any part thereof to employer and thereupon the employer ceased to make any further payments to employee under the Workmen's Compensation Act. Employee thereafter filed his claim with the Illinois Industrial Commission and an award was entered by the Arbitrator, thereafter affirmed by the Industrial Commission, in favor of employee. No payments being made on such award, employee instituted suit in the circuit court, seeking to recover alleged payments due as of the date of the filing of the action. Employer argued that no amount was due employee under the Commission's award

347

because it was entitled to take as a credit against such award the $25,000 received by employee from the State of Illinois and not paid to employer. The trial court rejected employer's argument and entered judgment in favor of employee on the award without giving credit to employer for the amount claimed and it is this action of the trial court which employer assigns as error.

The only issue on this appeal is whether an amount received by an employee from a third-party tort-feasor but not paid to his employer may be taken by the employer as a credit against the latter's obligation to pay benefits under the Workmen's Compensation Act, c 48, § 138–1 et seq., Ill Rev Stats 1967.

The basis of this controversy is c 48, § 138–5(b), Ill Rev Stats 1967, which provides, "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act. . . . If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any

award, judgment or fund out of which such employee might be compensated from such third party. . . . The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. . . ."

Arguing the trial court erred in denying the credit claimed, employer contends the conclusion of the trial court is contrary to the Industrial Commission's award. As indicated earlier, employee's action in the trial court sought enforcement of an award in his favor by the Industrial Commission. It may be supposed that employer asserted its claim for credit before the arbitrator and before the Industrial Commission since this was the only reason it had for cessation of compensation payments in 1965. An examination of the award order of the Commission discloses that the Board did not make any finding regarding the allowance or disallowance of employer's claimed credit. In fact, there is no mention of the claimed credit anywhere in the award and if it were not for the argument of the parties to the contrary we would have no reason to believe that the issue of the claimed credit was considered by the Commission. The provision of the award which employer asserts supports its conclusion that the credit was allowed provides, the employer shall ". . . have credit for all sums of money, if any, heretofore paid petitioner on account of accidental injuries sustained on August 10, 1959." Both parties concede that this is the usual and customary phraseology of a Commission award and is a consequence of the practice of the Commission not to be concerned with the mechanical calculations respecting payments either prior to the hearing or prior to the entry of the award. The conditional or contingent nature of the provision quoted does not, in our opinion, support the conclusion that any particular payment or credit was thereby approved.

This reduces the argument to the conflicting contentions as to whether the absence of any finding with respect thereto is an allowance or a disallowance of the credit claimed. Employer, having presented an affirmative claim or defense, we are inclined to believe that the failure to allow the credit was in legal effect a disallowance thereof. However the Commission's silence may also be interpreted as an indication of belief that it had no authority to determine the dispute or that the dispute was more appropriately resolved in an action to enforce the award. Board of Education of High School Dist. No. 502 v. Industrial Commission, 308 Ill 445, 140 NE 39, and c 48, § 138–19(g), Ill Rev Stats 1967. Since neither party relies solely on the provisions of the award, but, on the contrary, have presented arguments on the merits of the question, we deem it appropriate to consider the case on its merits.

There appear to be few decided cases dealing with the application of c 48, § 138–5(b), Ill Rev Stats 1967, and such cases as there are appear to be of little assistance in resolving the issue before us. In the three cases cited by employer, enforcement of employer's right of reimbursement was sought by lien (Employer Mut. Cas. Co. v. Trimon Elevator Co., 71 Ill App2d 124, 217 NE2d 391) or by intervention (Sjoberg v. Joseph T. Ryerson & Sons, 8 Ill App2d 414, 132 NE2d 56, and Arnold Lies Co. v. Legler, 26 Ill App2d 365, 167 NE2d 813). Such cases affirm the right of employer to reimbursement as provided by Statute and also approve the statutory remedies designed to protect or enforce the reimbursement right. In the instant case no question arises concerning employer's right to a lien or to intervene and, in fact, employee concedes that any failure of employer to avail itself of such remedies does not bar employer's right of reimbursement.

As we understand employee's position, he admits the existence of the reimbursement obligation but denies that

employer is entitled to seek enforcement of such obligation by the remedy invoked by the employer. Employer's position is that it was entitled to claim the credit as it did because otherwise employee would receive a double recovery. Initially it should be observed neither party makes any claim based on the nature or source of the third-party recovery.

The right of an injured employee to receive and enjoy the benefits of Workmen's Compensation payments is specially protected by the Act. Chapter 48, § 138–21, Ill Rev Stats 1967, provides, "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment, or be held liable in any way for any lien, debt, penalty or damages. The compensation allowed by any award or decision of the Commission shall be entitled to a preference over the unsecured debts of the employer, wages excepted, contracted after the date of the injury to an employee. A decision or award of the Commission against an employer for compensation under this Act, or a written agreement by an employer to pay such compensation shall, upon the filing of a certified copy of the decision or said agreement, as the case may be, with the recorder of deeds of the county, constitute a lien upon all property of the employer within said county, paramount to all other claims or liens, except mortgages, trust deeds, or for wages or taxes. Such liens may be enforced in the manner provided for the foreclosure of mortgages under the laws of this State." See East Moline Works Credit Union v. Linn, 51 Ill App2d 97, 200 NE2d 910, illustrating the application of this section. The breadth of the exemption declared by the legislature forms a firm foundation supporting the right of an employee to receive the benefits provided as against the claims of others.

The intention of the legislature to protect the employee's benefits under the Act is further demonstrated by c 48, § 138–8(j)2. Such section provides, "Nothing

contained in this Act shall be construed to give the employer or the insurance carrier the right to credit for any benefits or payments received by the employee other than compensation payments provided by this Act, and where the employee receives payments other than compensation payments, whether as full or partial salary, group insurance benefits, bonuses, annuities or any other payments, the employer or insurance carrier shall receive credit for each such payment only to the extent of the compensation that would have been payable during the period covered by such payment." In the instant case employer insists that the foregoing section is inapplicable because the recovery from a third party is not ". . . partial salary, group insurance benefits, bonuses. . . ." We agree that the provision relating to such items as salary or bonuses may not include a recovery from a third-party tort-feasor but the provision is an independent provision and does not limit the initial proscription that employer is not entitled to credit for payments other than compensation payments.

In City of Evanston v. Industrial Commission, 367 Ill 155, 10 NE2d 644, decided before the enactment of the foregoing section, the court held that payment received from collateral sources (relief payments) could not be charged against or deducted from the obligation of the City to pay Workmen's Compensation benefits. In Kennedy-Van Saun Mfg. & Engineering Corp. v. Industrial Commission, 355 Ill 519, 189 NE 916, the court held that payment under an accidental injury insurance policy secured by the employer and accepted by employee in lieu of Workmen's Compensation benefits, was likewise neither chargeable against or deductible from the compensation obligation of the employer. The employee's recovery from a third-party tort-feasor is not the receipt of compensation payments and unless deduction of the payment is authorized by some other statutory provision we see no reason why the prohibition of this sec-

tion (c 48, § 138–8(j)2) is not applicable. See Crane v. Loome, 25 Ill App2d 61, 165 NE2d 728.

There remains the question of whether chapter 48, section 138–5(b) authorizes the deduction and in our opinion it does not. Section 5(b) creates the right of reimbursement, the obligation of the employee with respect thereto and provides for two special methods, i. e., lien or intervention, for assisting employer in the protection of his right of reimbursement. Such special methods of assistance are operative primarily against the third-party tort-feasor and if these methods are not exercised, the statute provides no additional special remedies for employer. The statute recognizes that right of reimbursement may exist or arise when compensation payments are due but unpaid or will come due in the future but, notwithstanding such fact, employer is granted no particular interest in such unpaid compensation. In addition, there is no indication in the statute that employee, by receipt of proceeds of a third-party recovery thereby waives his right to the compensation benefits. The employer is in no better or poorer position than any other creditor of employee and accordingly its claim may not be charged against or deducted from its obligation to pay compensation. Crane Co. v. Loome, 25 Ill App2d 61, 165 NE2d 728.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

SCHEINEMAN, J., concurs.

ALLOY, J., dissents with opinion.

ALLOY, J., dissenting.
I must respectfully dissent from the majority opinion in this case.

As noted in the majority opinion, section 5(b) of the Workmen's Compensation Act (1967 Ill Rev Stats, c 48, § 138–5(b)) provides that where a third-party tort-feasor causes damage and injury to an employee, then from the judgment or settlement made with such tort-feasor, either with or without suit "from the amount received by such employee . . . there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee . . . including amounts paid or to be paid. . . ." It is also noted that the award of the Commission in the case before us, while it did not make a finding specifically with respect to the $25,000 which was paid to the employee by the State of Illinois, contained the customary language that the employer shall ". . . have credit for all sums of money, if any, heretofore paid petitioner on account of accidental injury sustained on August 10, 1959."

I agree with the majority opinion that a basic policy of the Workmen's Compensation Act is to free awards under such Act from claims of creditors as against the employee. This is a desirable objective and the cases determining this issue have supported that principle. Another basic objective, however, is stated in section 5(b) referred to herein in which a policy is expressed that an employer should be protected to the extent of payments made by a third-party tort-feasor as a result of the negligence of such third-party tort-feasor which causes injury to an employee. The objective is clearly to afford an employer reimbursement out of any settlement or payment pursuant to judgment as against such third-party wrongdoer. There is thus a consistent application of the Workmen's Compensation Act policy, in that the employee receives his compensation, and, to the extent of payment by a third-party wrongdoer, the employer is reimbursed in the amount of such payment. The net effect is that the employee receives all of his compensation payments and the policies of the Workmen's Compensation Act are in fact carried into effect. The opinion

as drafted, however, in effect states that if the employer has not perfected either a lien or acted through intervention in the employee's action, he is placed in the status of a general creditor.

As observed in the opinion, there seems to be no direct precedent applicable to the particular issue before us. We are apparently all in agreement that section 5(b) does not limit the employer to only certain methods of reimbursement. In the case of Employers Mut. Cas. Co. v. Trimon Mut. Elevator Co., 71 Ill App2d 124, 217 NE2d 391, and in Sjoberg v. Joseph T. Ryerson & Sons, 8 Ill App2d 414, 132 NE2d 56, and Arnold Lies Co. v. Legler, 26 Ill App2d 365, 167 NE2d 813, as noted in the majority opinion, the right of the employer to reimbursement from a third-party tort-feasor is clearly established. As noted in the Trimon Elevator case, supra (at page 136), the court states in discussing section 5(b) that the employer "may join in the action; however, this does not provide an exclusive remedy. To hold this as an exclusive remedy on the part of the employer would to a great extent cut down to the very minimum a protection which the act intended to give him." Again, the court states (at page 130) in the Trimon Elevator case:

> "In an interpretation of the statute the court must supply that which is missing from the statute in a manner consistent with the overall purpose of the act and consistent with other cases."

As noted, the overall purpose of the Act is first to assure the employee of receiving the workmen's compensation payments as specified by the Act. Another purpose expressed in section 5(b) is to afford the employer all possible protection to obtain reimbursement from the proceeds received from the third-party tort-feasor whether by settlement or otherwise. The language of section 5(b) itself simply specifies that an employer "*may* have or claim a lien upon any award, judgment or fund" and also provides that the employer "*may* at any time there-

355

after join" in the third-party action. There is nothing mandatory in such language but the Act simply provides for an optional procedural method of protection of the employer.

The language of the Industrial Commission in the present case even though general in nature should not be ignored. That language was not limited to payments made by the employer but refers specifically to "all sums . . . paid petitioner." A reasonable construction would be that the $25,000 paid by the State of Illinois as a tort-feasor was included in the language of such award, and that the employer should receive credit for such payment.

It is clear that the case of Crane v. Loome, 25 Ill App2d 61, 165 NE2d 728, referred to in the opinion, does not require the conclusion which was reached in the opinion. In the Crane case, the court held that the employer could not properly deduct amounts which it had paid the employee under a pension plan from amounts which it owed the employee under the Workmen's Compensation Act. This was a 1960 case and § 138–8(j)2 (1967 Ill Rev Stats, c 48) now covers that situation. The Crane Co. case did not involve a third-party tort-feasor. An employee is clearly protected in his award from offsetting claims under § 138–21 (1967 Ill Rev Stats, c 48) but this provision does not apply to reimbursement under section 5(b). On the basis outlined, a consistent application of the statutory provision, in the light of the order of the Industrial Commission, should give effect to the order of the Commission and its provision for allowance of credit. Unless this construction is adopted, in many cases, through settlement or payments otherwise made directly to the employee, the employer's right of reimbursement under section 5(b) would become meaningless.

For the reasons stated, the amount received by the employee from the third-party tort-feasor, the State of

Illinois, but not paid to the employer, should be permitted to be taken as a credit as against the employer's obligation to pay benefits under the Workmen's Compensation Act. This cause should, therefore, be reversed and remanded with directions to the trial court to allow such credit subject to requiring that employer pay his share of the attorney fees.