T.J. FOX *et al.*, Plaintiffs-Appellants, *v.* NORTHWEST INSURANCE BROKERS, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81—2991

Opinion filed March 14, 1983.

Anthony C. Valiulis, Stuart M. Widman, and Jill G. Maltezos, all of Much, Shelist, Freed, Denenberg, Ament & Eiger, of Chicago, for appellants.

Thomas Peters, of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Objectors in a class action appeal from the denial of their motions objecting to a notice of settlement, seeking substitution of attorneys, and requesting leave to intervene. The issues raised on appeal are whether (1) the notice by publication was sufficient; (2) the trial court abused its discretion in denying the motion for leave to intervene; and (3) the motion for substitution of attorneys should have been granted.

We affirm in part, reverse in part, and remand.

Plaintiffs are members of a class consisting of persons who unknowingly purchased accidental death insurance between January 1,

1978, and September 25, 1981. The complaint alleged that when plaintiffs purchased or renewed their automobile insurance, Northwest Insurance Brokers, Inc. (Northwest), sold overlapping accidental death policies which were not ordered or requested by plaintiffs and failed to disclose the additional cost of the accidental death policies.

On September 25, 1981, the trial court entered an order approving a proposed class settlement. Under the terms of the order, each named plaintiff was to receive $250 from Northwest. Other class members who filed a timely request for payment were entitled to an amount equal to the cost incurred for unordered accidental death policies. This same day, the trial court also approved the notice of class settlement. The order provided that notice was to be published in the Chicago Daily Law Bulletin on September 30, 1981. Class members seeking inclusion or exclusion were to notify plaintiffs' attorney before October 30, 1981.

On November 16, 1981, the day scheduled for hearings on claims and final approval of the settlement, Perkins, a named plaintiff, filed motions seeking substitution of attorneys and objecting to the manner, sufficiency, and form of the notice. Verneida Jones, an unnamed class member, filed a petition for leave to intervene and joined Perkins in her motion challenging the notice. The trial court denied the motions and the petition for leave to intervene and found that the notice of settlement was sufficient. It thereafter finalized the settlement agreement and allowed Jones and Perkins to receive damages.

Jones and Perkins contend the notice of settlement given to class members was inadequate and did not meet the requirements of due process. They argue individual notice should have been given to protect the rights of the class members.

■ Judgments in class action litigation are binding on all class members. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478.) In any proceeding accorded such finality, notice reasonably calculated to apprise interested parties of the pendency of the action is required. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652.) Such notice protects the class members' fourteenth amendment right to be heard (*Mullane*) as well as each member's option to choose not to participate. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478.) The means employed to notify class members of an action depends on the circumstances of each individual case. (*Miner.*) Individual notice is not always required. (*Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, 376 N.E.2d 1377; *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 335 N.E.2d 448.) However,

where the identity and address of class members is readily accessible by use of defendant's files, individual notice is required. *Frank; Miner*.

■ The only notice in this case was published in one issue of the Chicago Daily Law Bulletin. Under the circumstances here, this is not a method which "one desirous of actually informing the absentee might reasonably adopt." (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 315, 94 L. Ed. 865, 874, 70 S. Ct. 652, 657.) It actually appears that class members could have been notified in a more effective manner. The members of the class certified in this case were those who had been sold accidental death policies without their knowledge between January 1, 1978, and September 25, 1981. During oral arguments, defendant stated the policies were always sold by one salesman employed during this period. Considering these factors and the interests of the class, the burden of ascertaining the names of the class members through use of defendant's files is not intolerable. Under the particular facts of this case, we find the notice by publication was inadequate, and an attempt should have been made to notify the members individually.

■ The plaintiffs-appellees and defendant Northwest have filed motions to dismiss the appeal. They alleged in their motions and briefs that Perkins and Jones were allowed to participate in the settlement, thus suffered no injury, and therefore lack standing to challenge the notice. However, in *Waters v. City of Chicago* (1981), 95 Ill. App. 3d 919, 420 N.E.2d 599, the court held that objectors in a class may challenge unfair or inadequate aspects of a settlement regardless of whether their rights are personally affected. Similarly, we find that Jones and Perkins' participation in the settlement does not preclude their challenge to the inadequacy of the notice in this case.

■ Jones contends that the trial court abused its discretion in denying her motion for leave to intervene.

Section 57.5 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 57.5) provides in part:

> "Any class member seeking to intervene or otherwise appear in the action may do so with leave of court and said leave shall be liberally granted except when the court finds that said intervention will disrupt the conduct of the action or otherwise prejudice the rights of the parties or the class."

In ruling on motions to intervene, courts should be indulgent where objections concern notice of settlement. (See *Zients v. LaMorte* (2d Cir. 1972), 459 F.2d 628.) Given the broad language of section 57.7 and the principle enunciated in *Zients*, we believe the trial court

should have granted the motion to intervene. Only the notice of settlement was challenged. Granting the motion would not have prejudiced the rights of the parties nor would it have severely disrupted the proceedings, since the terms of the settlement were not disputed.

■ Finally, Perkins contends the trial court abused its discretion in denying her motion for substitution of attorneys. She argues that the attorney for the class did not and cannot adequately represent the interests of the class and cites his agreement to the published notice as evidence of this fact.

Substitution of attorneys is a matter within the discretion of the trial court (*Filko v. Filko* (1970), 127 Ill. App. 2d 10, 262 N.E.2d 88) and is not an absolute right (*Ruskin v. Rodgers* (1979), 79 Ill. App. 3d 941, 399 N.E.2d 623). In ruling on a motion to substitute, the trial court should consider whether granting the motion will prejudice other parties or interfere with the administration of justice and whether refusing the motion will harm the party seeking substitution. *Filko.*

In this case, we find no abuse of discretion. Neither objector will be harmed by the refusal since they will be participating in the settlement. Also, there is no indication whether other class members are dissatisfied with counsel's representation. Counsel acts on behalf of these other class members and we hesitate to find an abuse of discretion under these circumstances. Furthermore, the court, as well as the attorney for the class, acts as guardian of the class interests and this serves as additional protection for class members. We add that counsel's approval of the notice in this case is not tantamount to an inability to properly represent the class since this matter can be categorized as a matter of professional judgment.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed in part, reversed in part, and the cause is remanded.

Orders affirmed in part, reversed in part, and cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.