ERNEST RAY JACKSON, Plaintiff-Appellee, *v.* POLAR-MOHR, Defendant-Appellee—(National Ben Franklin Insurance Company of Illinois, Inc., Intervening Petitioner-Appellant).

Second District   No. 82—697

Opinion filed June 16, 1983.—Rehearing denied July 22, 1983.

572

Helen M. Krawzak, of Aries, Hoyt & Williams, of Chicago, for appellant.

Aldo E. Botti, Peter A. Monahan, and Walter P. Maksym, Jr., all of Botti, Marinaccion & Maksym, Ltd., of Oak Brook, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

On January 10, 1979, plaintiff, Ernest Ray Jackson, brought a products liability action against defendant Polar-Mohr and others for personal injuries. On June 22, 1979, upon notice to the parties and with leave of court, the National Ben Franklin Insurance Company of Illinois, Inc. (Ben Franklin) filed its intervening petition in this cause as subrogee of Bullis Litho Company, the employer of plaintiff, seeking a lien in the amount of $2,961.27 against any recovery plaintiff might secure against the defendants. The lien was asserted pursuant to the provisions of section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)) for monies paid under the

Act to plaintiff or on his behalf. The June 22 order granting Ben Franklin leave to file its intervening petition also ordered Ben Franklin not to participate in the trial. Neither the plaintiff nor the defendant Polar-Mohr has filed any pleadings denying the allegations of the intervening petition.

On May 25, 1982, judgment was entered on a jury verdict in favor of the plaintiff and against the defendant Polar-Mohr in the amount of $10,000. On June 22, 1982, defendant Polar-Mohr filed its post-trial motion, and, on June 24, 1982, plaintiff filed its post-trial motion asking that its judgment against Polar-Mohr be set aside and for a new trial.

Also on June 24, 1982, the 30th day following the entry of judgment, the plaintiff filed a motion to dismiss the intervening petition of Ben Franklin on the grounds that Ben Franklin did not participate in the trial of the cause and at no time presented proofs of the allegations contained in its intervening petition.

On August 4, 1982, the trial court granted plaintiff's motion to dismiss and denied the intervening petition of Ben Franklin, not on its merits but on the grounds that Ben Franklin had a duty, within 30 days of the date of plaintiff's judgment against the defendant Polar-Mohr, to cause the court to act upon its intervening petition and for the further reason that the trial court lacked jurisdiction. In the same order the trial court denied the post-trial motions of the plaintiff and of the defendant Polar-Mohr. Ben Franklin appealed.

We find that the trial court erred in entering its order of August 4, 1982, denying Ben Franklin's intervening petition.

■ Plaintiff assumes erroneously, as did the trial court, that section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1), now recodified as section 2—1202 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202) applied in determining the lack of Ben Franklin's timeliness in securing its lien. Section 68.1, which provides that a post-trial motion must be filed within 30 days after the entry of judgment, concerns motions which request the trial court to correct trial error. (See *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 1016; *People ex rel. Gustafson v. City of Calumet City* (1968), 101 Ill. App. 2d 8, 11.) Since the issue before the trial court did not concern trial error but rather a distinct and collateral claim by an intervening party, section 68.1 does not apply. Ben Franklin did not seek to challenge the validity or correctness of the judgment, but simply to assert its lien on the proceeds of that judgment.

■ Plaintiff attempts to augment his argument by citation to

*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, and argues that the intervening petitioner must exercise due diligence and affirmatively establish its entitlement to a lien in order to recover. *Augsburg* is inapposite. It dealt with the denial of a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), which does require the showing of diligence. The petitioner in this case, having been granted leave to file its intervening petition, was under no duty to present proofs in support of the allegations of its petition so long as they remained unanswered and undenied by the plaintiff.

■■ Under the Workers' Compensation Act, an employer may intervene in an employee's cause of action at any stage prior to the satisfaction of judgment. (*Arnold Lies Co. v. Legler* (1960), 26 Ill. App. 2d 365, 375.) Since the employer's interest in the judgment is in the form of a lien (*Denius v. Robertson* (1981), 98 Ill. App. 3d 83, 86; *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 921), his intervention is limited to protecting the lien in all orders of the court after hearing and judgment (*Arnold Lies Co. v. Legler* (1960), 26 Ill. App. 2d 365, 375). No satisfaction of the judgment or settlement in the action is valid without the written consent of the employer unless the employer has been fully indemnified or protected by court order. Ill. Rev. Stat. 1979, ch. 48, par. 138.5.

In *Galvan v. John Caretti Co.* (1972), 6 Ill. App. 3d 894, the trial court, prior to judgment in the plaintiff-employee's civil tort action and pursuant to the employer's petition to intervene, entered an order protecting the employer's rights and interests in any judgment or settlement in the employee's favor. Approximately three months after the jury returned a verdict in favor of the employee, the employer filed a petition requesting, in essence, a lien in the amount it might be required to pay in an upcoming Industrial Commission proceeding. The trial court granted the employer an award or credit in the nature of a setoff or prepayment on any award which the Industrial Commission might enter. The appellate court rejected the employee's argument on appeal, similar to the present one, that the trial court had no jurisdiction to enter an order adjudicating the rights of litigants more than 30 days after final judgment had been rendered. The court held that the trial court had jurisdiction to grant the employer an award because no satisfaction of the employee's judgment would be valid until such an order was entered.

The reasoning in *Galvan* applies in the instant case. In its petition to intervene, Ben Franklin alleged that it was subrogated to the rights of Jackson's employer and was entitled to reimbursement for

the amount it previously paid to plaintiff under the Act, requested the court to protect its rights, and prayed for a lien on any judgment entered in Jackson's favor. The court's subsequent order, unlike that in *Galvan*, did not specifically protect the insurance company's rights; it merely granted it leave to file the petition. However, such language in the court's order is not necessary since the filing of the petition in itself established the lien and notified plaintiff, defendant and the trial court of its existence. (See *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960 (lien breached where the tortfeasor's insurance company and plaintiffs settled after notice by worker's compensation insurance company of lien).) Since no court order protected the insurance company's rights, the validity of any satisfaction of the judgment required the insurance company's consent. *Cf. Kleeman v. Fragman Construction Co.* (1980), 91 Ill. App. 3d 455 (court order protected employer's interest so that employer's consent was not required to have a valid judgment).

Thus, it was incumbent upon Jackson and Polar-Mohr to get Ben Franklin's consent prior to the satisfaction of judgment or to challenge the asserted lien (see *Esin v. Liberty Mutual Insurance Co.* (1981), 99 Ill. App. 3d 75 (employee's widow sought declaratory judgment regarding validity of insurance company's lien)). The record in the instant case does not indicate that Ben Franklin gave such consent, so that no valid satisfaction of judgment could be entered into by Jackson and Polar-Mohr. Since an employer may intervene at any time prior to the satisfaction of judgment, it is obvious in this case that, because Ben Franklin had filed its intervening petition for lien well in advance of trial and prior to satisfaction of judgment, the trial court had jurisdiction to consider the limits of Ben Franklin's lien.

Plaintiff also contends that the appeal has been rendered moot because Ben Franklin did not obtain a stay of the order from which it appealed. Plaintiff has attached exhibits as part of the appendix to its brief which would indicate that plaintiff has now received $10,000 from defendant insurance company in exchange for a purported satisfaction of judgment and has spent or is in the process of spending these proceeds. In support of his argument he relies on *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 619-20, and Supreme Court Rule 305(i) (87 Ill. 2d R. 305(i)) for the proposition that, in the absence of a stay, an appeal is moot if possession or ownership of specific property which is inextricably involved in the relief being sought on appeal has been conveyed to third parties.

Plaintiff's reasoning is fatally flawed in two respects. First, Rule 305(i) has no application to money judgments, since money does not

constitute a specific identifiable property. Second, Rule 305(i) specifically protects the rights and interests of nonparties in the absence of a stay of judgment and would not protect the rights of plaintiff or defendant, both parties in this cause, from reversal on appeal. Therefore, Ben Franklin's failure to obtain a stay does not render this appeal moot. (*Schaumburg State Bank v. Seyffert* (1979), 71 Ill. App. 3d 630, 636.) As the Supreme Court of Illinois stated in discussing a predecessor of Rule 305(i):

"A party to a suit is presumed to know all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof. If such party has received benefits from the erroneous decree or judgment, he must, after reversal, make restitution, and, if he has sold property erroneously adjudged to belong to him, he must account to the true owner for the value." *First National Bank v. Road District No. 8* (1945), 389 Ill. 156, 161-62.

This appeal was not rendered moot by defendant's expenditure of the proceeds of the judgment.

That portion of the order of the trial court of August 4, 1982, denying Ben Franklin's intervening petition is vacated; if any satisfaction of the judgment entered in favor of the plaintiff and against the defendant Polar-Mohr has been filed of record with the clerk of the trial court, it is stricken and held for naught; and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.

LINDBERG and REINHARD, JJ., concur.