BOBBYDICK BRANDT, Plaintiff, v. JOHN S. TILLEY LADDERS COMPANY, Defendant-Appellee (Aetna Casualty and Surety Company, Intervenor-Appellant).

First District (2nd Division)   No. 85—3443

Opinion filed June 30, 1986.

John W. Lally, of Chicago, for appellant.

Kenneth T. Garvey and Justin J. Power, both of Bresnahan, Garvey, O'Halloran & Coleman, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Intervenor Aetna Casualty and Surety Company (Aetna), the insurer of plaintiff's employer, appeals the dismissal with prejudice of plaintiff's action for his failure to comply with discovery. At issue are whether: (1) the dismissal was an abuse of discretion; and (2) Aetna, as an intervenor, may bring this appeal. We answer both questions in the affirmative.

Plaintiff's complaint filed on July 22, 1983, alleged that he was injured while using one of defendant's products in the course of his employment as a laborer. Plaintiff was notified twice that his deposition was to be taken, the first having been set in Chicago on November 3, 1983, after which plaintiff moved to Texas, and the second on March 22, 1985. Plaintiff did not appear for either deposition. Thereafter, plaintiff's deposition was scheduled for May 17, 1985, and May 24, 1985. Plaintiff also failed to appear on these dates. No order compelling plaintiff's attendance was ever sought or entered under Supreme

Court Rule 203 (87 Ill. 2d R. 203), regulating the place at which depositions may be taken of nonresident plaintiffs among others.

On July 15, 1985, defendant's motion to dismiss plaintiff's complaint pursuant to Supreme Court Rule 219 (87 Ill. 2d R. 219) for failure to comply with discovery was granted and the circuit court dismissed plaintiff's cause of action with prejudice.

Approximately three weeks later, on August 9, 1985, Aetna, as insurer of plaintiff's employer, filed a motion to vacate the order of dismissal and subsequently filed a petition to intervene in the cause on August 16, 1985. The circuit court granted Aetna leave to intervene but denied its motion to vacate the dismissal on October 25, 1985. Aetna appeals.

I

■ Aetna maintains that the circuit court erred in granting defendant's motion to dismiss plaintiff's action for failure to comply with discovery. Under Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)) any motion regarding discovery must include a statement that after personal consultation the parties were unable to resolve their differences. Strict compliance with this rule is required especially where, as here, drastic relief such as dismissal of the action is sought in the motion. (*Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 565, 416 N.E.2d 252; *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 431, 447 N.E.2d 834; *Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27, 436 N.E.2d 1068.) Failure to include a statement in compliance with Rule 201(k) should result in dismissal of the motion. *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 566, 416 N.E.2d 252.

■ Here, defendant's motion to dismiss plaintiff's cause did not include a statement of personal consultation in compliance with Rule 201(k). Therefore, the circuit court should have dismissed defendant's motion rather than plaintiff's complaint. The drastic remedy of dismissal of an action for failure to comply with discovery is appropriate only where there is a showing of wilful and deliberate disregard of court authority. (*Barnes v. Black & Decker Manufacturing Co.* (1984), 135 Ill. App. 3d 700, 706, 481 N.E.2d 1200.) There was no such showing here. In fact, the record reveals that plaintiff at least partly complied with discovery requests by answering interrogatories. Parenthetically, plaintiff's interrogatories addressed to defendant, served by mail on December 7, 1983, were never answered. The dismissal order was the first sanction entered by the circuit court in this case; however, as the authorities indicate, the purpose of discovery sanctions is

to accomplish the required discovery, not to punish but to coerce recalcitrant parties to cooperate. (*Jaffee v. Fogelson* (1985), 137 Ill. App. 3d 961, 964, 485 N.E.2d 531; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264.) We note also that plaintiff no longer resided in Illinois at some time during or soon after 1983. Under these circumstances the dismissal of plaintiff's cause of action as the initial court sanction was an abuse of discretion.

Defendant's reliance on *Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 929, 488 N.E.2d 283, for the proposition that compliance with Rule 201(k) may be demonstrated by the record on review lends no support. That case, unlike the case at bar, involved a plaintiff who did not comply with circuit court orders to appear at his deposition and therefore is inapplicable.

Additionally, plaintiff, as a nonresident, was subject to the exercise of the circuit court's discretion as to where the deposition would be taken, "at a designated place in this State or elsewhere for [that] purpose," under Supreme Court Rule 203 (87 Ill. 2d R. 203). It is possible that the court could have ordered the deposition of plaintiff to have been taken at a place other than defense counsel's office in Cook County where it had been set each time by defendant. Nothing in the record reveals any application to the circuit court for an order so directing. Although the deposition of a nonresident plaintiff may be requested without first securing a court order under Rule 203 (*Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 26, 436 N.E.2d 1068), the absence of any effort to secure court assistance prior to a dismissal of the cause reflects the improvidence of the latter course of action under these facts.

The dismissal of plaintiff's cause of action under these circumstances was error.

## II

This appeal is taken by Aetna purportedly to protect its rights as plaintiff's employer's subrogee. In this posture, the disposition of this appeal depends on Aetna's right as an intervenor to appeal the dismissal.

■ Under section 5(b) of the Workers' Compensation Act (Act), an employer, or as here, the employer's insurer, must be given notice of any action filed by an employee and may intervene in the employee's cause of action against a third party at any time prior to the satisfaction of judgment. (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b); *Jackson v. Polar-Mohr* (1983), 115 Ill. App. 3d 571, 575, 450 N.E.2d 1263.)

The purpose of such intervention is to allow the employer or insurer to protect its lien interest in any recovery of the employee to the extent that the employer or insurer initially was required to pay the employee under the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b); *Jackson v. Polar-Mohr* (1983), 115 Ill. App. 3d 571, 574, 450 N.E.2d 1263.) Aetna claims that it received no statutory notice of plaintiff's action, although it made compensation payments to plaintiff.

Defendant challenges Aetna's intervention in two respects. First, defendant contends that Aetna is not merely attempting to protect any lien interest it may have, but rather is attempting to participate in discovery. (*Sjoberg v. Joseph T. Ryerson & Son, Inc.* (1956), 8 Ill. App. 2d 414, 418, 132 N.E.2d 56.) This characterization is inaccurate since Aetna's involvement is directed toward having the cause considered on its merits and not dismissed at the pretrial stage, a position consistent with protecting its lien interest.

Defendant also challenges Aetna's intervention as untimely. It points out that the circuit court order dismissing plaintiff's suit with prejudice was entered July 15, 1985. Aetna's petition to intervene was not filed until August 16, 1985. Defendant asserts that because the circuit court's dismissal pursuant to Supreme Court Rule 219 (87 Ill. 2d R. 219) operates as an adjudication on the merits (*Bronstein v. Kalcheim* (1984), 126 Ill. App. 3d 643, 646, 467 N.E.2d 979), there was, after July 15, 1985, no longer an action pending between plaintiff and defendant in which Aetna could intervene. Therefore, defendant concludes that Aetna's petition for leave to intervene on August 16, 1985, was untimely filed and the dismissal of plaintiff's suit is conclusive as to any rights Aetna may have had.

■ The intervention statute, section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408), sets no time limits for application to intervene; the determination of timeliness rests within the circuit court's discretion. (*In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 356 N.E.2d 195.) Nor is any time limit set forth in section 5(b) of the Act. Intervention generally must be sought during the pendency of a lawsuit; however, it may be permitted after judgment, as here, where it is necessary to protect an intervenor's rights. (*Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 497, 256 N.E.2d 1. See *County of Cook v. Triangle Sign Co.* (1963), 40 Ill. App. 2d 202, 214-15, 189 N.E.2d 25.) Aetna asserts that it received no statutory notice of the institution of plaintiff's lawsuit. Nothing in the record is to the contrary. This situation is analogous to those in *City of Chicago v. Zik* (1965), 63 Ill. App. 2d 445, 211 N.E.2d 545 and *Avery v. Grabutt* (1974), 19 Ill. App. 3d 1001, 313 N.E.2d

274, in which intervention was allowed after judgment because the intervenors were unaware of the original suit. In *People ex rel. Baylor v. Bell Mutual Casualty Co.* (1971), 2 Ill. App. 3d 17, 276 N.E.2d 113, *aff'd* (1973), 54 Ill. 2d 433, the court held a petition for leave to intervene timely which was filed almost two months after a final order had been entered in the case. (See also *Standard Bank & Trust Co. v. Village of Oak Lawn* (1978), 61 Ill. App. 3d 174, 178, 377 N.E.2d 1152.) The intervention in the case *sub judice* was not untimely, and the circuit court properly allowed Aetna's intervention.

For the foregoing reasons the judgment of the circuit court dismissing plaintiff's case as a discovery sanction is reversed and the cause remanded for further proceedings, including issuance of an order by the circuit court compelling plaintiff to appear for his deposition (87 Ill. 2d R. 204), directing where and under what circumstances it should be taken (87 Ill. 2d R. 203), and further providing that failure to appear will result in further sanctions. (See, *e.g.*, 87 Ill. 2d R. 219(c)(iv); *People ex rel. Ashford v. Ziemann* (1982), 110 Ill. App. 3d 34, 39-41, 441 N.E.2d 1255, *aff'd* (1984), 99 Ill. 2d 353.

Reversed and remanded.

BILANDIC, P.J., and STAMOS, J., concur.