GAETANO DE LISA, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 87—731

Opinion filed December 31, 1987.

Martin J. Healy, Jr., of Chicago, for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James J. Hoffnagle, of counsel), for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

The circuit court denied plaintiff Gaetano De Lisa's petition for leave to file a late claim and for admission into a class which had been certified in a class action against defendant State Farm Mutual Automobile Insurance Company. The plaintiff then filed suit for a judgment declaring that he had rights equivalent to those of the individuals involved in the class action. The case was then transferred to the court handling the class action, which subsequently issued an order denying the plaintiff's motion to reconsider its previous denial of the petition for leave to file a late claim, and it also dismissed his claim. The plaintiff appeals from this order.

The *Cosentino* class action was filed in January of 1983 alleging that State Farm had violated State law with respect to the amount of uninsured and underinsured motorist coverage it issued to its policyholders. In his order of February 3, 1984, the trial judge approved the provision for notifying potential claimants, and set August 3, 1984, as the cutoff date for filing claims. The notice was published three times

in six different newspapers, and State Farm mailed 1,288,282 individual notices to the affected policyholders. On May 4, 1984, the trial judge found that the notice complied with the requirements of due process and sections 2—803 and 2—806 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—803, 2—806); hence, he decreed that any members of the plaintiff class who had not already excluded themselves from the class were barred from asserting a claim. On the same day the judge issued a second order which listed all of the persons excluded from the class; the plaintiff's name does not appear on the list. In its order of October 26, 1984, the trial court stated that "all Claim Forms received after December 15, 1984 are hereby determined, without further hearing thereon, to be not within the class herein, except those claims wherein the claimant is a minor, which shall be set for individual hearings."

On February 16, 1983, while on duty as a Chicago police sergeant, the plaintiff had an accident with an uninsured motorist which caused him severe and permanent injuries. In his affidavit, the allegations of which are incorporated in his petition to file a late claim, the plaintiff maintains "[t]hat he does not recall ever receiving a notice of any class action suit." Moreover, he stated "[t]hat since the time of the accident, he discussed Uninsured Motorist coverage with his State Farm agent, A. J. Gorney, but was never notified by said agent of the pendency of the *Cosentino* class action lawsuit." Accordingly, he avers that he did not know about the class action until his attorneys informed him of it shortly before he filed his action.

On November 6, 1985, the trial judge denied the plaintiff's petition to file a late claim. The plaintiff thereafter filed his declaratory judgment action, which was consolidated with the *Cosentino* class action. On February 13, 1987, the trial court denied the plaintiff's motion to reconsider its order denying plaintiff's petition to intervene in the class action, and also dismissed the declaratory judgment action.

OPINION

■ The plaintiff argues that the circuit court should have permitted him to intervene in the *Cosentino* class action because such intervention should be liberally allowed. The Illinois Code of Civil Procedure requires that "[a]ny class member seeking to intervene or otherwise appear in the action may do so with leave of court and such leave shall be liberally granted except when the court finds that such intervention will disrupt the conduct of the action or otherwise prejudice the rights of the parties or the class." (Ill. Rev. Stat. 1985, ch. 110, par. 2—804(a).) Plaintiff maintains that this court followed the

foregoing statutory requirement in *Fox v. Northwest Insurance Brokers, Inc.* (1983), 113 Ill. App. 3d 255, 446 N.E.2d 1260. As the defendant notes, however, in *Fox* the court allowed intervention because it concluded that a notice published just once in the *Chicago Daily Law Bulletin* was insufficient notice. *Fox*, 113 Ill. App. 3d at 258.

The court in *Fox* relied on *Zients v. LaMorte* (2d Cir. 1972), 459 F.2d 628, in which the court granted the parties permission to intervene. The defendant correctly distinguishes *Zients*. In *Zients*, the trial court did not realize that the decision to grant leave to intervene was left to its discretion, although it is well established that such a determination is within the discretion of the trial court. (*Fox*, 113 Ill. App. 3d at 258.) Nevertheless, *Zients* and *Fox* stand for the proposition that intervention should be liberally permitted. The case of *Brandt v. John S. Tilley Ladders Co.* (1986), 145 Ill. App. 3d 304, 495 N.E.2d 1269, also supports the position that intervention should be liberally allowed, although *Brandt* does not involve a class action suit.

The plaintiff cites two instances in which the trial court herein permitted intervention in the *Cosentino* class action beyond its deadline of December 15, 1984. For example, Rex Hartman was allowed to intervene on November 8, 1985, two days after the plaintiff's petition was denied. But, as the defendant points out, the Hartman claim was made on his behalf by a guardian because of his judicially declared incompetency. The order setting the cutoff date, however, explicitly exempted minors, and the defendant is correct in his assertion that the court was justified in handling a claim involving an incompetent in the same manner as one involving a minor.

■ The plaintiff also refers to the intervention of Gladys Geraci, whose claim the trial judge allowed four months prior to ruling on the plaintiff's claim. Other than noting that the instant claim comes later, the defendant's response to the plaintiff's argument is that the Geraci claim was allowed because the defendant failed for one year to reply to a letter inquiring about Geraci's uninsured motorist claim. The plaintiff asserts, however, that he too did not receive information about the pendency of the *Cosentino* class action. Admittedly the plaintiff herein, unlike Geraci, could not document the defendant's failure to inform him of the existence of the *Cosentino* action. Nonetheless, the plaintiff's unimpeached affidavit is sufficient since we are obliged to permit intervention liberally. (Ill. Rev. Stat. 1985, ch. 110, par. 2—804(a).) To require documentation in cases where the defendant does not deny, explain, or rebut plaintiff's sworn statement would be to undermine the statutory objective of liberal intervention.

■ More important, the statute mandates two exceptions to the liberal intervention rule. The first obtains when "such intervention will disrupt the conduct of the action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—804(a).) Inasmuch as the trial judge was still entertaining motions relating to the *Cosentino* class action at the time he denied the plaintiff's claim, intervention in the instant case would not appear to have been disruptive. This is especially true when we consider that the disposition of the plaintiff's claim would not be any more complicated than any other and would not necessitate the utilization of an undue amount of judicial resources.

■ The second exception lies whenever intervention would "prejudice the rights of the parties or the class." (Ill. Rev. Stat. 1985, ch. 110, par. 2—804(a).) Here the plaintiff's claim would in no way impact upon the other members of the class because this is not a "fund" case, *i.e.*, one with a fixed amount of money available to them. The defendant has unconvincingly attempted to persuade this court that it would be prejudiced if we were to allow the plaintiff to assert his late claim. However, the defendant cannot demonstrate that its rights would be prejudiced by the court's action of permitting plaintiff to file his claim after the deadline, except to urge that because it would be required to expend additional funds to satisfy the plaintiff's claim, it would be disadvantaged. We cannot accept that reasoning. Although the plaintiff was tardy in pressing his claim, the lateness of his action should not cause any undue detriment to the defendant.

We therefore hold that the trial judge abused his discretion in not observing the statutory requirement of liberal intervention. In view of our disposition of the case, we need not discuss the trial court's decision to dismiss the declaratory judgment action. Accordingly, we reverse the circuit court's denial of the plaintiff's motion to reconsider his claim, order the court to allow the plaintiff's petition for leave to file a late claim and for admission into a class which had been certified, and remand the cause in order for the trial court to adjudicate the plaintiff's claim.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.