METTE JORGENSEN, Plaintiff-Appellee, v. DIANA WHITESIDE et al., Defendants (Zurich-Denmark Insurance Company, Intervenor-Appellant).

First District (4th Division)   Nos. 1—92—2351, 1—92—2527 cons.

Opinion filed March 3, 1994.—Rehearings denied May 26, 1994, and July 14, 1994.—Modified opinion filed June 2, 1994.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Francis A. Spina, of counsel), for appellant.

John D. Cooney, of Cooney & Conway, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

These consolidated appeals are brought by Zurich-Denmark Insurance Company (hereinafter Zurich) seeking to enforce a lien against a judgment awarded to plaintiff in her underlying action against the named defendants. Zurich intervened in plaintiff's lawsuit and following trial plaintiff was awarded $3.4 million. Thereafter, Zurich sought to enforce its lien and later filed a motion for summary judgment which the trial court denied. Zurich appeals the trial court's denial of its summary judgment motion.

We reverse and remand.

The facts involved in plaintiff's underlying action are detailed in this court's opinion in *Jorgensen v. Whiteside* (1992), 233 Ill. App. 3d 783. We will not unnecessarily recite the facts of the case; rather, what follows is a summary of facts pertinent to this appeal.

On January 10, 1988, plaintiff, Mette Jorgensen, was injured when hit by a shuttle bus at O'Hare International Terminal Airport in Chicago. She filed a personal injury action against several defendants seeking damages for her injuries. While plaintiff's case was pending, she filed a claim with Zurich under a traveller's insurance policy issued to her in Denmark in 1987. On July 7, 1988, Zurich sent her a check for $47,255 accompanied by a letter which read in part as follows:

"Payment is made under the condition that Zurich will recover if and when the insured receives any amount from any liable party."

On February 16, 1989, Zurich sought leave to file a petition to

intervene and asserted lien rights to a portion of any recovery made by plaintiff based on the terms and conditions of the insurance policy. The trial court granted Zurich leave to intervene in a written order which stated, *inter alia*, "[t]hat this court shall protect the lien rights of Zurich Insurance Company." Thereafter, plaintiff's case proceeded to trial and the jury awarded her $3,400,041.17. On November 5, 1990, the trial court entered judgment on the verdict and stated in a written order that the judgment disposed of all pending matters.

On February 19, 1991, Zurich filed an affidavit in support of its claim for recovery of the $47,255 previously paid to plaintiff. On March 11, 1991, Zurich filed an emergency motion to stay distribution of the proceeds arising from any possible settlement agreement between plaintiff and the defendants or, in the alternative, that $47,255 be placed in escrow to be paid in accordance with the trial court's ruling on Zurich's right of subrogation. In an agreed order, the trial court granted Zurich's motion and ordered that "Zurich's lien *** be protected until the rights of the parties under the lien be adjudicated."

On May 6, 1991, plaintiff filed a motion to strike Zurich's lien, arguing that Zurich neither appeared at trial nor presented any evidence therein. The trial court denied plaintiff's motion. Subsequently, the parties engaged in discovery proceedings during which Mogen Bach, a licensed attorney in Denmark, was deposed and testified that Zurich had a right of subrogation under the insurance policy to the extent that it had previously compensated plaintiff in accordance with the policy. Bach, whose law practice in litigation related to insurance and transport law, based his opinion on plaintiff's insurance contract and applicable Danish law.

On May 26, 1992, Zurich filed a motion for summary judgment. In response, plaintiff filed a motion to strike, alleging the court lacked jurisdiction to entertain Zurich's motion. Plaintiff also alleged that Zurich failed to take the proper action to be entitled to any money plaintiff received as a result of the judgment in the underlying suit. Following a hearing on June 4, 1992, the trial court found that no lien existed and denied Zurich's motion for summary judgment. The trial court reasoned that Zurich waited too long to attempt to perfect its lien and thereby prejudiced plaintiff, who was entitled to the money under a court order.

Zurich filed a notice of appeal on July 2, 1992, believing the trial court's order to be final. Zurich later appeared before the trial court on July 8, 1992, seeking clarification of the June 4, 1992, order. At this hearing, the trial court stated its order meant that either the lien never existed or was unenforceable. Zurich subsequently filed a

second notice of appeal which this court consolidated with the notice of appeal previously filed.

On appeal, Zurich asserts that the trial court improperly denied the motion for summary judgment. Summary judgment should be granted where the pleadings, depositions, admissions and affidavits reveal that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Our review of the evidence convinces us that no issues of material fact existed which precluded the trial court from granting Zurich's motion.

First, we believe that Zurich's lien did exist. This is so based on the trial court's written orders which recognized the existence of the lien. We agree with Zurich that it was entitled to rely on the trial court's order that it would protect the lien, especially since plaintiff never objected to the trial court's orders or the existence of the lien prior to March 11, 1991. We note that a trial court may properly create a lien based on either an explicit or implicit agreement between two parties. (*Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421, 427.) Zurich's letter dated July 7, 1988, which accompanied the $47,255 check to plaintiff, who subsequently cashed the check without objection, sufficiently supports the finding of an implicit agreement between the parties. Likewise, the insurance contract, as interpreted by attorney Bach, also supports a finding that Zurich was entitled to recover the insurance proceeds paid to plaintiff. Consequently, the evidence supports the trial court's creation of Zurich's lien.

In denying Zurich's motion for summary judgment, the trial court reasoned that it lacked jurisdiction to entertain the motion since 30 days had passed following the entry of the final order. Likewise, in defense of this appeal, plaintiff maintains that Zurich should have filed a post-trial motion pursuant to section 2—1202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1202). We cannot agree.

In *Jackson v. Polar-Mohr* (1983), 115 Ill. App. 3d 571, the court held that section 2—1202, as it pertains to post-trial motions, concerns trial errors to be raised by a litigant. (*Polar-Mohr*, 115 Ill. App. 3d at 573.) There, the plaintiff argued that the intervening party's failure to file a post-trial motion pursuant to section 2—1202 within 30 days after judgment was entered was fatal to its claim on appeal. Here, as in *Polar-Mohr*, section 2—1202 does not apply since the issue of Zurich's lack of timeliness in attempting to perfect its lien did not constitute trial error, but, rather, a collateral claim asserted by intervening party. *Polar-Mohr*, 115 Ill. App. 3d at 573.

Plaintiff also insists that Zurich's motion for summary judgment

was properly denied because of its failure to file any pleadings with its petition to intervene as required by section 2—408(e) of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—408(e).) Undoubtedly, all defects in the pleadings which are not objected to in the trial court are considered waived. (Ill. Rev. Stat. 1987, ch. 110, par. 2—612(c).) In the case at bar, plaintiff did not object in the trial court to Zurich's motion to intervene or the granting thereof. Hence, we hold that plaintiff has waived any argument on Zurich's failure to comply with the procedural requirements of section 2—408.

Lastly, Supreme Court Rule 366 provides that, on appeal, a reviewing court may, in its discretion, "enter any judgment and make any order that ought to have been given." (134 Ill. 2d R. 366(a)(5).) Because we believe the trial court improperly denied Zurich's motion for summary judgment, the judgment of the trial court is reversed. Pursuant to this court's authority under Supreme Court Rule 366, we enter an order requiring plaintiff to pay Zurich $47,255 less any sums as determined by the trial court on remand to be due to plaintiff as Zurich's proportionate share of attorney fees and costs incurred in the prosecution of plaintiff's action. See *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent herewith.

Reversed and remanded.

HOFFMAN, P.J., and CAHILL, J., concur.