In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1256

GEORGE P. JANSEN and THERESA JANSEN,

Plaintiffs-Appellees,

v.

AARON PROCESS EQUIPMENT COMPANY,
INC.,

Defendant/Third-Party Plaintiff-Appellee,

v.

LUXEMBOURG CHEESE FACTORY, INC.,

Third-Party Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 92 C 20386--Philip G. Reinhard, Judge.

Argued October 26, 1999--Decided March 29, 2000

  Before HARLINGTON WOOD, JR., KANNE, and DIANE P. WOOD,
Circuit Judges.

  HARLINGTON WOOD, JR., Circuit Judge.  In 1991,
George Jansen ("Jansen") was severely injured at
work when a cheese blender he was cleaning began
operating when he was inside of it. As a result
of the accident, Jansen's employer, Luxembourg
Cheese Factory, Inc. ("Luxembourg"), through its
workers' compensation insurer Travelers Insurance
Company, paid Jansen $212,178.25 in workers'
compensation benefits. Jansen and his wife,
Theresa, filed a diversity negligence and
products liability suit in the Federal District
Court for the Northern District of Illinois
against the manufacturer of the cheese blender,
Aaron Process Equipment Company, Inc. ("Aaron
Process"). Aaron Process then filed a third-party
complaint against Luxembourg for contribution.
  The jury returned a verdict for Jansen against
Aaron Process in the amount of $720,000. On the
contribution claims, the jury awarded judgment in
favor of Aaron Process against third-party
defendant Luxembourg, attributing 17% of the
fault to Aaron Process and 83% of the fault to

Luxembourg. These verdicts were affirmed on appeal. Jansen v. Aaron Process Equip. Co., Inc., 149 F.3d 603 (7th Cir. 1998). We now consider the district court's ruling on Jansen's post-verdict motion for attorney's fees and costs against Luxembourg pursuant to the Illinois Workers' Compensation Act (the "Act"), 820 ILCS 305/1 et seq.

## I. BACKGROUND

The facts of the underlying action are set forth in our previous opinion, Jansen, 149 F.3d 603, and we will not restate them here. Luxembourg paid Aaron Process $212,178.25 pursuant to the jury's verdict on the third-party contribution claim./1 When Jansen received payment in the amount of $720,000 from Aaron Process, $212,178.25 of the amount was designated to cover Luxembourg's workers' compensation lien pursuant to section 5(b) of the Act ("section 5(b)"), 820 ILCS 305/5(b). Section 5(b) provides that when a judgment is received from a third party as a result of an injury for which workers' compensation benefits are payable under the Act, the recovering party must reimburse the employer for any workers' compensation benefits already received.

On August 3, 1998, Jansen's attorney filed a motion for attorney's fees in the amount of $53,044.56 and a pro rata share of costs in the amount of $3,572.20 from Luxembourg pursuant to section 5(b). Luxembourg filed a response to Jansen's motion and a cross-motion to bar Jansen from requesting attorney's fees under section 5(b). While the dispute over fees and costs was pending, Jansen tendered a check for $212,178.25 to Luxembourg in exchange for payments from Luxembourg covering the attorney's fees and costs at issue which Jansen's attorney agreed to hold in escrow until the dispute was settled. On January 11, 1999, the district court granted Jansen's motion for attorney's fees and costs in the amount of $56,616.76. Luxembourg appeals.

## II. ANALYSIS

The Illinois Workers' Compensation Act allows an injured worker who has received workers' compensation from his employer to sue a third-party tortfeasor. LaFever v. Kemlite Co., 706 N.E.2d 441, 451 (Ill. 1998). Under section 5(b) of the Act, if the worker prevails in his lawsuit, he must repay his employer for the workers' compensation benefits from the amount recovered, and the employer may claim a lien on the recovery in an amount equal to the benefits paid. Id. (citing 820 ILCS 305/5(b)). Section 5(b) further provides:

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee . . . have resulted in or substantially contributed to the procurement by suit, settlement, or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

820 ILCS 305/5(b).

Luxembourg raises three challenges to the district court order granting attorney's fees./2 Luxembourg first asserts that it is not liable for the statutory fees because Jansen failed to follow the notice provisions set out in section 5(b). Luxembourg next argues that an award of attorney's fees is inappropriate because there was not an attorney-client relationship between the company and Jansen's attorney. Finally, Luxembourg contends that its relationship with Jansen's attorney created an "other agreement" as set forth in section 5(b) which precludes the recovery of statutory fees. Because Luxembourg's arguments are based on alleged legal errors, we review de novo. See, e.g., Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999).

Under section 5(b), when an employee files an action to recover damages from a third party,

he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in the action. The employer may, at any time thereafter [sic] join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection.

820 ILCS 305/5(b). In the present case, Jansen concedes that he did not follow the notice provisions set out in the statute. Luxembourg asserts, without citation to supporting authority, that proper notice is a condition precedent to recovery of attorney's fees under the statute and that, by failing to give proper notice, Jansen has waived his right to recover the statutory fees. However, it is clear, both from the context of the notice provision in the statute and the cases cited by Luxembourg on the issue, that the purpose of notification under section 5(b) is to allow the employer the opportunity to intervene in the employee's suit

in order to protect his statutory lien interest in any award. See, e.g., Brandt v. John Tilley Ladders Co., 495 N.E.2d 1269, 1272-73 (Ill. App. Ct. 1986). There is no support for Luxembourg's contention that proper notice is a condition precedent to recovering the statutory attorney's fees. In the present case, Luxembourg had actual knowledge of the suit and participated as an intervenor before being served with the third-party complaint from Aaron Process. Not only did Luxembourg have the opportunity to protect its workers' compensation lien, the company did so and has received actual reimbursement from Jansen. See LaFever, 706 N.E.2d at 453 ("The 'benefit' that obligates an employer to pay section 5(b) fees and costs is actual reimbursement.").

As its only specific example of prejudice resulting from the defective notice, Luxembourg points to the fact that the deposition of its president, Mark Ernster, was taken before Luxembourg was added as a party in the underlying case. Luxembourg characterizes this act as an "ambush" by plaintiffs' attorney. However, Luxembourg fails to note that while the district court refused to quash the deposition, it stated that it would allow the parties to reconvene Ernster's deposition if necessary. The deposition was never reconvened. Luxembourg fails to show prejudice. See Ramsey v. Morrison, 676 N.E.2d 1304, 1312 (Ill. 1997) (holding that an employer was not prejudiced by depositions taken before he entered a suit as a third-party defendant when he had ample opportunity to reconvene the depositions but failed to do so). Because Luxembourg had actual knowledge of Jansen's suit, participated in the suit as an intervenor, and was not prejudiced by Jansen's failure to follow the notice provisions set out in the statute, Jansen's failure to give proper notice does not preclude him from recovering statutory attorney's fees.

Luxembourg's remaining arguments also are without merit. While Luxembourg contends that, to justify an award of attorney's fees, an attorney-client relationship must exist between itself and Jansen's attorney, it cites no authority to support this position. It is clear from the statute that the statutory fees are to be paid by an employer to the attorney representing the injured employee. 820 ILCS 305/5(b) (stating "where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement . . . of the proceeds out of which the employer is reimbursed" an award of attorney's fees is appropriate) (emphasis added); see also Silva v. Electrical Sys., Inc., 701 N.E.2d 506, 506 (Ill.

1998) ("[A]n employer who is reimbursed for its workers' compensation payments out of the proceeds of the employee's action against a third party is required to pay the employee's attorney '25% of the gross amount of such reimbursement.'") (emphasis added). An attorney-client relationship between the employer and the attorney seeking fees is not required. Additionally, Luxembourg has not produced any evidence of another agreement between itself and Jansen's attorney that would preclude the recovery of the statutory fees.

As the Illinois Supreme Court has stated, section 5(b) is based on the premise "that an employer should not get 'something' (a reimbursement on workers' compensation payments) for 'nothing.'" LaFever, 706 N.E.2d at 453. That is exactly what Luxembourg is trying to do in the present case. Luxembourg was reimbursed for its workers' compensation payments due to the efforts of Jansen's attorney. Section 5(b) ensures that employers who benefit from such reimbursement pay their fair share of the costs of the recovery. Silva, 701 N.E.2d at 510. Jansen is entitled to attorney's fees from Luxembourg. Luxembourg does not challenge the amount of fees awarded by the district court, and we affirm the decision of the district court. One issue remains.

Jansen has filed a motion for sanctions against Luxembourg pursuant to Fed. R. App. P. 38. Rule 38 allows an appellate court to award sanctions against an appellant who brings a frivolous appeal. "An appeal is 'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments." Mars Steel Corp. v. Continental Bank, 880 F.2d 928, 938 (7th Cir. 1989) (en banc). In the present case, the district court based its decision on "the Illinois Supreme Court's unequivocal interpretation in Silva regarding an employer's duty to pay a plaintiff's attorney's fees and costs under section 5(b)." However, Luxembourg fails to address Silva, 701 N.E.2d 506, in either its initial or reply brief. Moreover, while Luxembourg argues that an employer's obligation to pay attorney's fees under section 5(b) is not absolute, the company cites no cases in which an employer was excused from paying attorney's fees after receiving reimbursement for its workers' compensation payments, and Luxembourg ignores the Illinois Supreme Court's recent statement that actual reimbursement is "[t]he 'benefit' that obligates an employer to pay section 5(b) fees and costs." LaFever, 706 N.E.2d at 453. Additionally, as Jansen has pointed out, Luxembourg's appendix contained only the first page of the district court order and did not include the analysis delivered by the district

court in connection with its award of fees and costs, an omission which was cured by Jansen in his motion for sanctions. This constitutes a violation of Circuit Rule 30(a)./3 Moreover, despite the omission, counsel for Luxembourg submitted a Circuit Rule 30(d) statement in which he certified that all of the materials required under Circuit Rule 30(a) and (b) were included in the appendix. This court has warned appellants and their counsel on numerous occasions that this behavior alone is sufficient to justify an award of sanctions. See Collins v. Educational Therapy Ctr., 184 F.3d 617, 622 (7th Cir. 1999) (collecting cases). This appeal is frivolous, and Rule 38 sanctions are appropriate.

III.   CONCLUSION

The decision of the district court is affirmed. Jansen's motion for sanctions pursuant to Fed. R. App. P. 38 is granted, and Luxembourg is ordered to compensate Jansen for the cost of defending this frivolous appeal. Within fifteen days, Jansen shall submit to this court a statement of his costs, including attorney's fees, reasonably incurred in connection with this appeal.

AFFIRMED; MOTION FOR RULE 38
SANCTIONS GRANTED.

/1 Luxembourg's liability for contribution was limited to the amount of its statutory workers' compensation liability under Kotecki v. Cyclops Welding Corp., 585 N.E.2d 1023 (Ill. 1991).

/2 We note at the outset that Luxembourg asserts only that it is not liable for attorney's fees under the statute and does not contest the district court's award of costs.

/3 Circuit Rule 30(a) provides: "The appellant shall submit, bound with the main brief, an appendix containing the judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court . . . upon the rendering of that judgment, decree, or order." (emphasis added).